UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GLENN HAMPTON | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-3528 |
| PRAETORIAN INSURANCE COMPANY, et al. | SECTION: "G"(2) |

# ORDER

Before the Court is Defendant Praetorian Insurance Company's ("Praetorian") unopposed "Rule 12(b)(6) Motion to Dismiss."[1] The pending motion was filed on April 9, 2018, and set for submission on April 25, 2018.[2] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiff Glenn Hampton ("Plaintiff") has not filed any opposition to the motion, timely or otherwise. This Court has authority to grant a motion as unopposed, although it is not required to do so.[3]

Praetorian seeks dismissal pursuant to Federal Rule of Procedure 12(b)(6) of Plaintiff's bad faith claim.[4] According to Praetorian, under Louisiana law an insurer has a duty to pay a claim within 30 days of receipt of proofs of loss, and a failure to pay that is "arbitrary, capricious, or without probable cause" renders an insurer liable for the resulting damages and for a statutory

---

[1] Rec. Doc. 5.

[2] *Id.*

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 5-1 at 3.

1

penalty, attorneys' fees, and costs.[5] However, Praetorian contends that there is an exception to the 30-day requirement where payment is sought from a loss from fire that is arson related "and the state fire marshal or other state or local investigative bodies have the loss under active arson investigation."[6] Praetorian asserts that this exception applies to the instant case because the petition alleges that an investigation of the fire by the Jefferson Parish Sheriff's Office is ongoing.[7] Furthermore, Praetorian notes that other district courts have applied this exception to bad faith claims under Louisiana's other bad faith statute, Louisiana Revised Statute § 22:1973.[8] Therefore, Praetorian argues that Plaintiff has failed, as a matter of law, to state a viable bad faith claim against Praetorian under either Louisiana Revised Statute § 22:1892 or Louisiana Revised Statute § 22:1973.[9]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[10] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

---

[5] *Id.* (citing La Rev. Stat. § 22:1982(B)(1)).

[6] *Id.* (citing La Rev. Stat. § 22:1982(B)(2)).

[7] *Id.*

[8] *Id.* (citing *Whelan v. State Farm Fire and Cas. Co.*, No. 10-1803, 2011 WL 1869431 (E.D. La. May 16, 2011)).

[9] *Id.* at 5.

[10] Fed. R. Civ. P. 12(b)(6).

[11] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

is plausible on its face.'"[12] "Factual allegations must be enough to raise a right to relief above the speculative level."[13] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[14]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[15] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[16] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[17] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[18] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[19] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[20] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[13] *Twombly*, 550 U.S. at 556.

[14] *Id.* at 570.

[15] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[16] *Iqbal*, 556 U.S. at 677–78.

[17] *Id.* at 679.

[18] *Id.* at 678.

[19] *Id.*

[20] *Id.*

3

the asserted claims.[21] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[22]

In the petition, Plaintiff alleges that he owned a property that was destroyed in a fire on January 30, 2016.[23] Plaintiff alleges that Praetorian insured the property.[24] Plaintiff further alleges that the Jefferson Parish Sheriff's Office's investigation of the fire remains open.[25] Plaintiff brings a claim against Praetorian for bad faith processing of the insurance claim in violation of Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute § 22:1973.[26] Plaintiff also brings a claim against the Jefferson Parish Sheriff's Office for negligent handling of the investigation.[27]

Louisiana Revised Statute § 22:1892(A)(1) provides that an insurer has a duty to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured." Pursuant to Section 22:1892(B)(1) a failure to pay that is "arbitrary, capricious, or without probable cause" renders an insurer liable for the resulting damages and for a statutory penalty, attorneys' fees, and costs. However, the statute includes the following exception:

> The period set herein for payment of losses resulting from fire and the penalty

---

[21] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[22] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[23] Rec. Doc. 1-1 at 3.

[24] *Id.*

[25] *Id.* at 4.

[26] *Id.*

[27] *Id.*

4

provisions for nonpayment within the period shall not apply where the loss from fire was arson related and the state fire marshal or other state or local investigative bodies have the loss under active arson investigation. The provisions relative to time of payment and penalties shall commence to run upon certification of the investigating authority that there is no evidence of arson or that there is insufficient evidence to warrant further proceedings.[28]

Louisiana Revised Statute § 22:1973(B)(5) provides that an insurer may be held liable for "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause. Section 22:1973 does not specifically address how an ongoing arson investigation affects an insurer's duties under that statute. However, the Louisiana Supreme Court has held that Section 22:1973 and Section 22:1892 prohibit "virtually identical" conduct.[29] Furthermore, both statutes require that a failure to pay be "arbitrary, capricious, or without probable cause," and the Louisiana Supreme Court has held that an insurer's failure to pay is "arbitrary, capricious or without probable cause," only if its failure to pay "is not based on a good-faith defense."[30]

Here, Plaintiff alleges that the investigation of the fire by the Jefferson Parish Sheriff's Office is ongoing.[31] Therefore, as a matter of law, Praetorian's failure to pay Plaintiff's insurance claim was not "arbitrary, capricious, or without probable cause" under either Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute § 22:1973. Accordingly, the Court finds that

---

[28] La Rev. Stat. § 22:1982(B)(2).

[29] *Reed v. State Farm Nut. Auto. Ins. Co.*, 03-107 (La. 10/21/03); 857 So.2d 1012, 1020.

[30] *Guillory v. Lee*, 09-75 (La.6/26/09); 16 So.3d 1104, 1127.

[31] Rec. Doc. 1-1 at 3.

Plaintiff has failed to state a bad faith claim under Louisiana law and hereby dismisses Plaintiff's claim that Praetorian acted in bad faith.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Praetorian's "Rule 12(b)(6) Motion to Dismiss"[32] is **GRANTED.**

**NEW ORLEANS, LOUISIANA** this __5th__ day of September, 2018.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[32] Rec. Doc. 5.