UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GLENN HAMPTON | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-3528 |
| PRAETORIAN INSURANCE COMPANY, et al. | SECTION: "G"(2) |

## ORDER

Presently pending before the Court is Defendant and Counterclaimant Praetorian Insurance Company's ("Praetorian") Motion for Entry of Default Judgment.[1] Praetorian seeks entry of a default judgment on its counterclaim against Plaintiff and Counter-defendant Glenn Hampton ("Hampton").[2] Having reviewed the motion, the memorandum in support, the record, and the applicable law, the Court will deny the motion.

## I. Background

On January 30, 2018, Hampton filed a Petition for Damages against Praetorian and the Jefferson Parish Sheriff's Office ("JPSO") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3] In the petition, Hampton alleges that he owned a property that was destroyed in a fire on January 30, 2016.[4] According to the petition, Praetorian insured the

---

[1] Rec. Doc. 19.

[2] *Id.*

[3] Rec. Doc. 1-1 at 3.

[4] Rec. Doc. 1-1 at 3.

property.⁵ Hampton further alleges that JPSO's investigation of the fire remains open.⁶ Hampton brought a claim against Praetorian for bad faith processing of the insurance claim in violation of Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute § 22:1973.⁷ Hampton also brought a claim against JPSO for negligent handling of the investigation.⁸

On April 3, 2018, Praetorian removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.⁹ Specifically, Praetorian asserted that the parties are diverse because Hampton is a citizen of Louisiana and Praetorian is an insurance company incorporated in Pennsylvania with its principal place of business in New York.¹⁰ Praetorian alleged that the JPSO is not diverse from Hampton because they are both citizens of Louisiana.¹¹ However, Praetorian asserted that the citizenship of JPSO should not be considered for purposes of establishing diversity jurisdiction because JPSO is improperly joined as a defendant as Hampton does not allege any breach of a duty JPSO owed to Hampton.¹² Finally, Praetorian alleged that the amount in controversy is clearly established because Hampton asserts that he is entitled to recover $176,000.00 for damage to the building at issue in this case and $177,100.00 for damage to the

---

⁵ *Id.*

⁶ *Id.* at 4.

⁷ *Id.*

⁸ *Id.*

⁹ Rec. Doc. 1 at 3.

¹⁰ *Id.*

¹¹ *Id.*

¹² *Id.* at 4.

contents of the property and additional living expenses incurred as a result of the fire.[13]

On April 9, 2018, Praetorian filed a "Rule 12(b)(6) Motion to Dismiss."[14] The motion was set for submission on April 25, 2018.[15] Hampton did not file any opposition to the motion. On September 5, 2018, the Court granted the unopposed motion to dismiss, and dismissed Hampton's claims against Praetorian.[16]

On April 10, 2018, Praetorian filed a counterclaim against Hampton.[17] Praetorian brings a claim against Hampton for fraud and misrepresentations regarding additional living expenses.[18] Praetorian also seeks to recover the money it paid to Wells Fargo Bank NA, the mortgagee of the property, due to Hampton's breach of contract.[19]

The record reflects that Hampton was served with a summons and a copy of the counterclaim on June 13, 2018.[20] Hampton did not file a responsive pleading to the counterclaim before the July 5, 2018 deadline. On July 12, 2018, Praetorian filed a Motion for Entry of Default against Hampton.[21] On July 16, 2018, the Clerk of the Court entered default against Hampton.[22] On July 17, 2018, Hampton filed an answer to the counterclaim, but did not move to set aside the

---

[13] *Id.* at 4.

[14] Rec. Doc. 5.

[15] *Id.*

[16] Rec. Doc. 18.

[17] Rec. Doc. 7.

[18] *Id.* at 11–12.

[19] *Id.* at 13–14.

[20] Rec. Doc. 11.

[21] Rec. Doc. 12.

[22] Rec. Doc. 14.

entry of default.[23]

On September 12, 2018, Praetorian filed the instant Motion for Default Judgment against Hampton.[24] To date, Hampton has not filed an opposition to the motion.

On September 25, 2018, the Court conducted a status conference with the parties at the request of Praetorian.[25] Praetorian informed the Court that it requested the status conference to discuss: (1) the status of discovery with respect to the claim and counterclaim, (2) amendment of the Complaint to assert a claim against JPSO or dismiss JPSO, and (3) entry of a Default Judgment in favor of Praetorian on its counterclaim.[26] Praetorian informed the Court that they were waiting to proceed with discovery until Plaintiff amended the complaint regarding his potential Section 1983 claims against JPSO, as discussed in the previous scheduling conference held by the Court's case manager.[27] Plaintiff's counsel informed the court that he delayed in amending the complaint and proceeding with discovery because he intends to withdraw as counsel of record.[28] The Court advised Plaintiff's counsel that if he intended to withdraw, he should do so by October 25, 2018 so as not to further delay these proceedings.[29] To date, Plaintiff's counsel has not moved to amend the complaint or moved to withdraw from the case.

---

[23] Rec. Doc. 16.

[24] Rec. Doc. 19.

[25] Rec. Doc. 22.

[26] *Id.* at 1.

[27] *Id.*

[28] *Id.*

[29] *Id.*

4

## II. Plaintiff's Arguments

In the motion for default judgment, Praetorian argues that the Court should enter a default judgment against Hampton on Praetorian's counterclaim because Hampton did not file a responsive pleading within 21 days of the date of service.[30] Praetorian notes that Hampton answered the counterclaim on July 17, 2018, but Praetorian asserts that the answer is insufficient to nullify the entry of default because Federal Rule of Civil Procedure 55(c) requires a party in default to file a motion to set aside the default before filing an answer.[31] Praetorian asserts that it meets the procedural requirements for entry of a default judgment because: (1) Hampton is not a minor or incompetent person; (2) Hampton is not known to be currently serving in the military; and (3) Praetorian's claim is for a sum certain or can be made certain by computation.[32]

In support, Praetorian submits an affidavit of Shannon Grunst, Vice President and Senior Claims Manager for QBE Americas, Inc, a third-party claims administrator of the insurance claim at issue in this litigation.[33] Ms. Grunst attests that Praetorian paid Wells Fargo Bank NA, the mortgagee of the property, a total of $169,584.09 on February 2, 2018, and paid Hampton $19,510.88 for additional living expenses Hampton claimed he incurred.[34] Praetorian also submits an affidavit of Christopher Teske, Praetorian's counsel of record in this litigation, which states that Praetorian incurred court costs in the amount of $581.00 in this litigation.[35] Therefore, Praetorian

---

[30] Rec. Doc. 19 at 2–3.

[31] *Id.* at 3.

[32] *Id.*

[33] *Id.* (citing Rec. Doc. 19-3 at 1).

[34] Rec. Doc. 19-3 at 1–2.

[35] Rec. Doc. 19-2 at 2.

5

seeks entry of a default judgment on the counterclaim in the amount of $189,094.97, costs in the amount of $581.00, and judicial interest.[36]

### III. Law and Analysis

*A.     Legal Standard on a Motion for Default Judgment*

As the Fifth Circuit has explained, Federal Rule of Civil Procedure 55 establishes three steps for obtaining a default judgment: (1) default; (2) entry of default; and (3) default judgment.[37] A default occurs when "a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."[38] The clerk will then enter an entry of default "when the default is established by affidavit or otherwise."[39] After the clerk's entry of default, "a plaintiff may apply for a judgment based on such default. This is a *default judgment*."[40] Before granting a motion for default judgment, this Court "has the duty to assure that it has the power to enter a valid judgment," and must "look into its jurisdiction both over the subject matter and the parties."[41] The Fifth Circuit has held that "[a] judgment entered without personal jurisdiction is void."[42]

The Fifth Circuit emphasizes that "[d]efault judgments are a drastic remedy not favored by

---

[36] Rec. Doc. 19 at 4.

[37] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

[38] *Id.*

[39] *Id.*

[40] *Id.* (emphasis in original).

[41] *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

[42] *Id.*

the Federal Rules and resorted to by courts only in extreme situations."[43] "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[44] In cases over which the Court has subject matter jurisdiction and personal jurisdiction over the parties, the Court may only issue a default judgment when circumstances support doing so. If the procedural prerequisites for default are met, the Court must then decide whether the plaintiff's requests for relief are appropriate.[45] The Court considers the following factors in deciding a motion for default judgment:

[1]  whether material issues of fact are at issue,

[2]  whether there has been substantial prejudice,

[3]  whether the grounds for default are clearly established,

[4]  whether the default was caused by a good faith mistake or excusable neglect,

[5]  the harshness of a default judgment, and

[6]  whether the court would think itself obliged to set aside the default on the defendant's motion.[46]

On a motion for default judgment, the Court accepts as true the plaintiff's allegations of fact, but remains obligated to determine whether those allegations state a claim for relief.[47] The

---

[43] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[44] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[45] *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d. 784, 796 (E.D. La. 2013) (Brown, J.) (citations omitted).

[46] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[47] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

pleadings must provide a sufficient basis to support the entry of a default judgment.[48]

When a party seeks a default judgment for damages, the Fifth Circuit instructs that "damages should not [be] awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts."[49] However, "where the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and where a hearing would not be beneficial, a hearing is unnecessary."[50]

## V. Analysis

As a preliminary matter, although Praetorian has not provided any briefing on this issue, it appears that the Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy clearly exceeds $75,000. Furthermore, it appears that the Court has personal jurisdiction over Hampton because he is a citizen of Louisiana. It also appears that service of process on Hampton was proper as he was personally served with the counterclaim on June 13, 2018.[51]

The Court must next decide whether Plaintiff's request for entry of default judgment is appropriate.[52] As noted above, the Court considers the following factors when determining whether to grant a default judgment:

[1]   whether material issues of fact are at issue,

---

[48] *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citations omitted).

[49] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

[50] *Fagan*, 957 F. Supp. 2d at 802 (quoting *Columbia Pictures Indus., Inc. v. Whitting*, No. 06-CA-0133, 2006 WL 1851338, at *1 (W.D. Tex. June 1, 2006)).

[51] Rec. Doc. 11.

[52] *Fagan*, 957 F. Supp. 2d at 796.

[2] whether there has been substantial prejudice,

[3] whether the grounds for default are clearly established,

[4] whether the default was caused by a good faith mistake or excusable neglect,

[5] the harshness of a default judgment, and

[6] whether the court would think itself obliged to set aside the default on the defendant's motion.[128]

Here, Hampton attempted to respond to the counterclaim by filing an answer on July 17, 2018, twelve days after the answer was due and one day after the Clerk of Court granted Praetorian's motion for entry of default. Federal Rule of Civil Procedure 55(c) requires that a party in default file a motion to set aside the default before it can answer or otherwise proceed to defend. Hampton failed to move to set aside the default. Nevertheless, Hampton has taken some steps to attempt to defend the counterclaim, by filing an answer. Hampton's confusion may have arisen because of a difference between the Federal Rules of Civil Procedure, which control in this case, and the Louisiana Code of Civil Procedure, which provides that the filing of an answer automatically nullifies the entry of a preliminary default.[53] Therefore, the entry of default may have been caused by a good faith mistake or excusable neglect.

Furthermore, the motion for default judgment was filed before the September 25, 2018 status conference. At this status conference Hampton's counsel informed the Court that he intended to withdraw as counsel of record.[54] The Court gave Hampton's counsel until October 25,

---

[128] *Lindsey*, 161 F.3d at 893.

[53] *Ganther*, 75 F.3d at 212.

[54] Rec. Doc. 22 at 2.

2018 to withdraw, stating that the parties could begin filing dispositive motions after this date.[55] For these reasons, the Court finds that entry of a default judgment at this time would be unduly harsh to Hampton.

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[56] "Entering a judgment based on the default is at the discretion of the court."[57] Considering all the circumstances at issue in this case, the Court will decline to exercise its discretion to enter a default judgment at this time. However, Hampton is cautioned that he cannot continue to delay these proceedings. If Hampton fails to move to set aside the default within 14 days of this order, Praetorian is granted leave to refile a motion seeking a default judgment.

## IV. Conclusion

For the foregoing reasons, the Court denies Praetorian's motion for entry of default judgment. Accordingly,

---

[55] *Id.*

[56] *See Martin v. Martin*, 680 So.2d 759 (La. App. 1 Cir. 1996) (citing La. Code Civ. P. art. 1002).

[57] *Jefferson v. La. Dept. of Pub. Safety and Corrections*, 401 F. App'x 927

10

**IT IS HEREBY ORDERED** that Praetorian's motion for default judgment[58] is **DENIED WITHOUT PREJUDICE**. If Hampton fails to move to set aside the default within 14 days of this order, Praetorian is granted leave to refile a motion seeking a default judgment.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of January, 2019.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[58] Rec. Doc. 19.