# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN HAMPTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-3528** |
| **PRAETORIAN INSURANCE COMPANY, et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Pending before the Court is an Order to Show Cause issued by the Court directing attorney Michael Doherty Breeden, III ("Breeden") to show cause why he should not be held in civil contempt or otherwise sanctioned for his failure to prosecute his client's, Plaintiff Glenn Hampton's ("Hampton") claims, or follow the Court's prior order, or communicate with the Court in the above-captioned case.[1] On August 28, 2019, the Court held a hearing on the Order to Show Cause.[2] Having considered the procedural history, arguments by both parties at the hearing, and the applicable legal standard, the Court finds Breeden in contempt and will refer Breeden to the Eastern District of Louisiana's Lawyers' Disciplinary Enforcement Committee for further investigation and, if warranted, discipline.

## I. Background

### A. Factual Background

On January 30, 2018, Glenn Hampton ("Hampton") filed a Petition for Damages against Praetorian Insurance Company ("Praetorian") and the Jefferson Parish Sheriff's Office ("JPSO")

---

[1] Rec. Doc. 34.

[2] Rec. Doc. 37.

1

in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3] In the petition, Hampton alleges that he owned a property that was destroyed in a fire on January 30, 2016.[4] According to the petition, Praetorian insured the property.[5] Hampton brought a claim against Praetorian for bad faith processing of the insurance claim in violation of Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute § 22:1973.[6] Hampton also brought a claim against JPSO for negligent handling of the investigation, which Hampton alleged was ongoing at the time he brought his claim.[7]

### B. Procedural Background

On April 3, 2018, Praetorian removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[8] Specifically, Praetorian asserted that the parties are diverse because Hampton is a citizen of Louisiana and Praetorian is an insurance company incorporated in Pennsylvania with its principal place of business in New York.[9] Praetorian alleged that JPSO is not diverse from Hampton because they are both citizens of Louisiana.[10] However, Praetorian asserted that the citizenship of JPSO should not be considered for purposes of establishing diversity jurisdiction because JPSO is improperly joined as a defendant, as Hampton does not

---

[3] Rec. Doc. 1-1 at 3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.*

allege any breach of a duty JPSO owed to Hampton.[11] Finally, Praetorian alleged that the amount in controversy is clearly established because Hampton asserts that he is entitled to recover $176,000.00 for damage to the building at issue in this case and $177,100.00 for damage to the contents of the property at issue and additional living expenses incurred as a result of the fire.[12]

On April 9, 2018, Praetorian filed a "Rule 12(b)(6) Motion to Dismiss."[13] The motion was set for submission on April 25, 2018.[14] Hampton did not file any opposition to the motion. On September 5, 2018, the Court granted the unopposed motion to dismiss, and dismissed Hampton's claims against Praetorian.[15]

On April 10, 2018, Praetorian filed a counterclaim against Hampton.[16] Praetorian brought a claim against Hampton for fraud and misrepresentation regarding his claim for additional living expenses.[17] Praetorian also sought to recover the money it paid to Wells Fargo Bank NA, the mortgagee of the property, due to Hampton's alleged breach of contract.[18]

The record reflects that Hampton was served with a summons and a copy of the counterclaim on June 13, 2018.[19] Hampton did not file a responsive pleading to the counterclaim before the July 5, 2018 deadline. On July 12, 2018, Praetorian filed a Motion for Entry of Default

---

[11] *Id.* at 4.

[12] *Id.*

[13] Rec. Doc. 5.

[14] *Id.*

[15] Rec. Doc. 18.

[16] Rec. Doc. 7.

[17] *Id.* at 11–12.

[18] *Id.* at 13–14.

[19] Rec. Doc. 11.

against Hampton.[20] On July 16, 2018, the Clerk of Court entered default against Hampton.[21] On July 17, 2018, Hampton filed an answer to the counterclaim, but did not move to set aside the entry of default.[22] On September 12, 2018, Praetorian filed its first Motion for Default Judgment against Hampton.[23] Hampton did not file an opposition.

On September 25, 2018, the Court conducted a status conference with the parties at the request of Praetorian.[24] Praetorian informed the Court that it requested the status conference to discuss: (1) the status of discovery with respect to the claim and counterclaim, (2) Plaintiff's amendment of the Complaint to assert a claim against JPSO or dismiss JPSO, and (3) entry of a Default Judgment in favor of Praetorian on its counterclaim.[25] Praetorian informed the Court that it was waiting to proceed with discovery until Plaintiff amended the complaint regarding his potential Section 1983 claims against JPSO, as discussed in the previous scheduling conference held by the Court's case manager.[26] Breeden informed the Court that he delayed in amending the complaint and proceeding with discovery because he intended to withdraw as counsel of record.[27] The Court advised Breeden that if he intended to withdraw, he do so by October 25, 2018 so as not to further delay these proceedings.[28] To date, Breeden has not moved to amend the complaint

---

[20] Rec. Doc. 12.

[21] Rec. Doc. 14.

[22] Rec. Doc. 16.

[23] Rec. Doc. 19.

[24] Rec. Doc. 22.

[25] *Id.* at 1.

[26] *Id.*

[27] *Id.*

[28] *Id.*

4

or moved to withdraw from the case.

On January 7, 2019, the Court denied Praetorian's first Motion for Entry of Default Judgment without prejudice.[29] Considering all of the circumstances at issue in the case, the Court declined to exercise its discretion to enter a default judgment at that time.[30] However, the Court cautioned Breeden that he could not continue to delay these proceedings.[31] Therefore, the Court stated that if Hampton, represented by Brenden, failed to move to set aside the entry of default within 14 days of the order, Praetorian was granted leave to refile a motion seeking a default judgment.[32]

On January 23, 2019, after more than 14 days had passed and Breeden had not moved to set aside the entry of default, Praetorian filed a second Motion for Default Judgment.[33] That same day, Praetorian filed a Motion to Set a Status Conference, requesting that a status conference be set to discuss how the case will proceed with respect to the Motion for Entry of Default Judgment.[34] Praetorian also filed a Motion Requesting a Hearing on its Motion for Default Judgment if the Court determined that a hearing was necessary.[35] Breeden did not move to set aside the entry of default and did not filed a response to any of the pending motions.

On February 14, 2019, the Court entered a default judgment against Hampton (Breeden's

---

[29] Rec. Doc. 24.

[30] *Id.* at 10.

[31] *Id.*

[32] *Id.*

[33] Rec. Doc. 25.

[34] Rec. Doc. 26.

[35] Rec. Doc. 27.

client) and in favor of Praetorian.³⁶ First the Court considered jurisdiction.³⁷ The Court found that it held subject-matter jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between Praetorian, a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in New York, and Hampton, a citizen of Louisiana, and the amount in controversy exceeds $75,000.³⁸ The Court held that it need not consider the citizenship of JPSO for the purposes of diversity jurisdiction as Hampton, represented by Breeden, fraudulently joined JPSO in this action.³⁹ Then, taking Praetorian's well-pleaded facts as true, the Court held that Praetorian sufficiently demonstrated its claim for fraudulent misrepresentation against Hampton with respect to his claim for additional living expenses.⁴⁰ The Court awarded Praetorian

---

³⁶ Rec. Doc. 30.

³⁷ *Id*. at 9-10.

³⁸ *Id.*

³⁹ *Id.* at 9-10 n.62 ("Praetorian alleged that the Jefferson Parish Sheriff's Office ("JPSO") was improperly joined as a defendant in this matter. *Id.* at 3. Praetorian asserted that JPSO was improperly joined because Hampton did not set forth any allegations that would implicate any breach of a duty owed to Hampton on the part of the JPSO. *Id.* at 4. Alternatively, Praetorian asserted that JPSO was entitled to immunity pursuant to Louisiana Revised Statute § 9:2798.1. *Id.* Hampton never challenged any of these assertions or move to remand the case to state court. Furthermore, Hampton never served JSPO as a defendant in this matter. 'The fraudulent joinder doctrine ensures that the presence of a fraudulently joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.' *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted). In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit stated that 'the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.' 385 F.3d 568, 573 (5th Cir. 2004). 'The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.' *Id.* Hampton brings negligence claims against JPSO. Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements: '(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).' *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (internal citations omitted). Hampton [did] not allege any breach of a duty JPSO owed to him. Accordingly, the Court concludes that JPSO was fraudulently joined as a defendant in this matter because Hampton has not stated a negligence claim against JPSO.").

⁴⁰ *Id.* at 18.

$189,675.97 plus interest.[41] Hampton has not challenged the Court's grant of default judgment for Praetorian. On April 8, 2019, Praetorian filed a Motion for Summary Judgment on all remaining claims in Hampton's suit against Praetorian.[42] The motion was set for submission on April 24, 2019. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Hampton, while represented by Breeden, did not file any opposition to the motion.

On August 20, 2019, the Court issued an Order to Show Cause ordering Patrick Michael Doherty Breeden, III, attorney of record for Plaintiff, to appear before the Court on August 28, 2019 at 9:00 AM to show cause why he should not be held in contempt for failure to withdraw or prosecute this case.[43] On August 26, 2019, Hampton filed a Motion to Enroll as Counsel of Record, seeking to enroll David A. Binegar ("Binegar") and Tiffany R. Christian ("Christian") as new counsel on his behalf in this case.[44] In the motion, Hampton claims that his previous counsel, Breeden, absconded without informing plaintiff of the proceedings before this Court, or that Breeden intended to withdraw, or that Breeden intended not to oppose any of Praetorian's dispositive motions.[45]

At the hearing on August 28, 2019, the Court questioned Breeden as to why he had failed to withdraw or prosecute the case. Breeden stated that he was leaving the practice of law, but did not believe that he was permitted to withdraw from the case based on the Court's statements at a

---

[41] *Id.*

[42] Rec. Doc. 31-2.

[43] Rec. Doc. 34.

[44] Rec. Doc. 35.

[45] *Id.* at 1.

status conference on September 25, 2018.[46] In response, the Court referred to the minute entry from the status conference, which stated that if Breeden intended to withdraw, he do so by October 25, 2018 so as not to further delay proceedings.[47] Breeden claimed he did not read the minute entry.[48] Further, Breeden claimed he was going through emotional difficulties at the end of 2018 and the beginning of 2019 which caused him to "check[] out" and not respond to any of Praetorian's dispositive motions.[49] Breeden did not provide any documentation for his emotional difficulties, but claimed he began to see a counselor in April of 2019.[50] Finally, Breeden claimed to be ineligible to practice law at this time because he has not paid his dues nor finished his CLE credits from last year.[51] However, Breeden admitted that he has not filed paperwork officially withdrawing from the practice of law.[52]

Additionally, at the August 28, 2019 Show Cause Hearing, Binegar represented that Hampton was unaware of developments in the case because Breeden was not keeping Hampton informed of the proceedings and Hampton had no way to otherwise receive communication through the electronic filing system.[53] As a result, Binegar requested that the Court allow him to enroll as counsel of record on Hampton's behalf and be given thirty days to respond to issues in

---

[46] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, pp. 9–10.

[47] Rec. Doc. 22.

[48] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, p. 19.

[49] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, p. 22.

[50] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, pp. 22–2 3.

[51] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, pp. 23–25.

[52] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, pp. 23–25.

[53] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, p. 26-28; *see also* Rec. Doc. 35-1.

the case.[54]

In a corresponding affidavit submitted to the Court, Hampton claimed that he was unaware that Praetorian removed the case to this Court and that he was unaware of any of the proceedings following removal, including dispositive motions that were unopposed on his behalf and the entry of a default judgment against him.[55] Hampton claimed he went to Breeden's office several times, but that Breeden would never see him.[56] Hampton alleged that Breeden told Hampton to meet him at his office, but when Hampton arrived, Breeden was not in his office.[57] Lastly, Hampton alleged that the last time he went to Breeden's office, Breeden was no longer there and his office was cleaned out.[58]

On August 29, 2019, the Court granted Hampton's Motion to Enroll and enrolled Binegar and Christian as counsel of record on behalf of Hampton.[59] On August 30, 2019, the Court issued an order giving Hampton thirty days to file additional briefing addressing any jurisdictional issues in the case, the entry of default judgment, and Praetorian's Motion for Summary Judgment.[60]

### III. Legal Standard

Civil contempt requires "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply

---

[54] Rec. Doc. 37.

[55] Rec. Doc. 35-1.

[56] *Id*.

[57] *Id*.

[58] *Id*.

[59] Rec. Doc. 38.

[60] Rec. Doc. 39.

9

with the court's order."[61] "To support a contempt finding, the court's order must set forth in specific detail an unequivocal command."[62] "The judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous."[63]

The Fifth Circuit "has consistently held that good faith is not a defense to a finding of civil contempt."[64] For example, a conflicting schedule does not excuse an attorney's absences.[65] "When an attorney fails to appear or makes a delayed appearance . . . the conduct which is subject to sanction is not the absence itself but the failure to provide sufficient justification for the absence or delay."[66]

The Fifth Circuit reviews contempt orders and sanctions under an abuse of discretion standard.[67] The Fifth Circuit reviews the district court's underlying findings of fact for clear error and its underlying conclusions of law de novo.[68]

## IV. Analysis

Here, there was (1) an order in effect, (2) requiring Breeden to withdraw from the case by a specified date and to not further delay the proceedings, and (3) Breeden did not comply with that

---

[61] *United States v. Woodberry*, 405 F.App'x 840, 843 (5th Cir. 2010) (quoting *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004) (quotations omitted)).

[62] *N. Shore Labs. Corp. v. Cohen*, 721 F.2d 514, 521 (5th Cir. 1983), overruled on other grounds by *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 174 (1995) (citation and internal quotation marks omitted).

[63] *Baddock v. Villard*, 606 F.2d 592, 593 (5th Cir. 1979).

[64] *City of Jackson*, 359 F.3d at 735 n. 25.

[65] See *Woodberry*, 405 F. App'x at 843–44.

[66] *In re Greene,* 213 F.3d 223, 225 (5th Cir. 2000) (quotations omitted).

[67] *Whitcraft v. Brown,* 570 F.3d 268, 271 (5th Cir. 2009) (quotations omitted).

[68] *Id.*

order.[69] As to the first element, a minute entry documents that at the September 25, 2018 status conference, the Court advised Breeden that if he intended to withdraw, he "do so by October 25, 2018 so as not to further delay the proceedings."[70] As to the second element, the order required certain conduct by Breeden, his withdrawal from the case by a specified date, if he intended to do so. To support a finding of civil contempt, the order must not be "vague or ambiguous."[71] Rather, the order "must set forth in specific detail an unequivocal command."[72] Here, the Court advised Breeden to withdraw from the case by October 25, 2018 if he intended to withdraw.[73] At the September 25, 2018 status conference, Breeden informed the Court that he intended to withdraw from the case.[74] At the August 28, 2019 hearing on the Order to Show Cause, Breeden did not dispute that he intended to withdraw from the case.[75] In fact, he stated that he is leaving the practice of law entirely.[76] Because Breeden clearly intended to withdraw from the case, the Court's order set forth an unequivocal command – that Breeden withdraw from the case by October 25, 2018. As to the third element, to date, Breeden has not moved to withdraw from the case or otherwise proceeded to prosecute the case while remaining enrolled as counsel of record. Therefore, the elements of civil contempt are satisfied.[77]

---

[69] *See Woodberry*, 405 F. App'x at 843.

[70] Rec. Doc. 22.

[71] *Baddock*, 606 F.2d at 593.

[72] *N. Shore Labs. Corp. v. Cohen*, 721 F.2d 514, 521 (5th Cir. 1983), overruled on other grounds by *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 174 (1995) (citation and internal quotation marks omitted).

[73] Rec. Doc. 22.

[74] *Id.*

[75] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, pp. 9–10.

[76] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, pp. 23–25.

[77] *See Whitcraft*, 570 F.3d at 272–73 (establishing elements).

Breeden argues that he believed he was not permitted to withdraw from the case and did not read the minute entry.[78] However, "[t]he contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order."[79] The problem in this case was not created by Breeden's ignorance of the Court's order, "but his carelessness concerning his responsibilities as a member of the bar of the federal court."[80]

Based on the extensive lack of responsiveness outlined previously, "this is not a case of attorney negligence or a single isolated incident."[81] Although Breeden remained enrolled in the case, he failed to move to set aside the entry of default after the Court cautioned Breeden that he could not continue to delay these proceedings.[82] Breeden's failure was not without consequence as it led to a $189,094.97 default judgment against his client together with costs in the amount of $581.00 and post-judgment interest.[83] Additionally, Breeden remained enrolled in the case and did not oppose a motion for summary judgment pending before the Court, which seeks dismissal of Hampton's remaining claims against Praetorian.[84] Hampton alleges that Breeden did not advise him of the motion for summary judgment.[85] In fact, Hampton claims he was unaware of many developments in the case because Breeden was not keeping Hampton informed of the proceedings.[86] Based on the culmination of Breeden's neglect and the consequence it has had for

---

[78] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, p. 19.

[79] *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

[80] *United States v. Onu*, 730 F.2d 253, 258 (5th Cir. 1984).

[81] *Woodberry*, 405 F. App'x at 844.

[82] Rec. Doc. 24.

[83] Rec. Doc. 30.

[84] *See* Rec. Doc. 31.

[85] Rec. Doc. 35-1.
[86] Realtime Hearing Transcript, August 28, 2019, Mr. Breeden, pp. 26–28; *see also* Rec. Doc. 35-1.

Hampton, there is ample evidence that Breeden failed to provide Hampton with "adequate legal representation."[87]

The Fifth Circuit has found that an adequate sanction for an attorney's failure to provide his client with adequate legal representation is referral to an attorney disciplinary board.[88] Therefore, as a sanction for his repeated failure to withdraw, prosecute or follow the Court's orders, the Court finds Michael Doherty Breeden, III in contempt and moreover, the Court will refer Breeden to Eastern District of Louisiana's Lawyers' Disciplinary Enforcement Committee for further investigation and, if warranted, discipline.

Accordingly,

**IT IS HEREBY ORDERED** that Michael Doherty Breeden, III ("Breeden") is in contempt for failing to comply with the Court's orders. Moreover, this matter is hereby referred by this Court to the Eastern District of Louisiana's Lawyers' Disciplinary Enforcement Committee for further investigation and, if warranted, discipline, related to his repeated failure to follow this Court's order to prosecute this case or withdraw as counsel of record. A copy of this order will be forwarded to that Committee.

**NEW ORLEANS, LOUISIANA**, this \_\_12th\_\_ day of December, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[87] *United States v. Woodberry*, 672 F.Supp.2d 761, 769 (S.D. Miss. 2009).

[88] *See Woodberry*, 405 F.App'x at 843 (affirming the district court's recommendation that the Mississippi State Bar further investigate an attorney's effective abandonment of his client for possible disciplinary action); *see also Nogess v. Poydras Center, LLC*, Civil Action No. 16-15227, 2017 WL 396307, at *17 (E.D. La. Jan. 30, 2017) (referring an attorney to the Eastern District of Louisiana's Lawyers' Disciplinary Enforcement Committee for further investigation and potential discipline).