| | |
|---|---|
| **GLENN HAMPTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-3528** |
| **PRAETORIAN INSURANCE COMPANY, et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Glenn Hampton's ("Hampton") Motion to Remand.[1] Also pending before the Court is Hampton's "Motion for Relief from Judgment Pursuant to Rule 60, Federal Rules of Civil Procedure."[2] Having considered the motions, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion for relief from judgment, grants the motion to remand, and remands the case to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## I. Background

### A. *Factual Background*

On January 30, 2018, Hampton filed a Petition for Damages against Praetorian Insurance Company ("Praetorian") and the Jefferson Parish Sheriff's Office ("JPSO") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3] In the petition, Hampton alleges that he owned a property that was destroyed in a fire on January 30, 2016.[4] According to the petition,

---

[1] Rec. Doc. 44.

[2] Rec. Doc. 42.

[3] Rec. Doc. 1-1 at 3.

[4] *Id.*

1

Praetorian insured the property.[5] Hampton brings a claim against Praetorian for bad faith processing of the insurance claim in violation of Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute § 22:1973.[6] Hampton also brings a claim against JPSO for negligent handling of the investigation.[7]

### B. Procedural Background

On April 3, 2018, Praetorian removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[8] Specifically, Praetorian asserted that the parties are diverse because Hampton is a citizen of Louisiana and Praetorian is an insurance company incorporated in Pennsylvania with its principal place of business in New York.[9] Praetorian acknowledged that JPSO is not diverse from Hampton because they are both citizens of Louisiana.[10] However, Praetorian asserted that the citizenship of JPSO should not be considered for purposes of establishing diversity jurisdiction because JPSO is improperly joined as a defendant.[11] Finally, Praetorian alleged that the amount in controversy is clearly established because Hampton asserts that he is entitled to recover $176,000.00 for damage to the building at issue in this case and $177,100.00 for damage to the contents of the property at issue and additional living expenses incurred as a result of the fire.[12]

---

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 4.

[12] *Id.*

On April 9, 2018, Praetorian filed a "Rule 12(b)(6) Motion to Dismiss."[13] The motion was set for submission on April 25, 2018.[14] Hampton did not file any opposition to the motion. On September 5, 2018, the Court granted the unopposed motion to dismiss, and dismissed Hampton's bad faith claim against Praetorian.[15]

On April 10, 2018, Praetorian filed a counterclaim against Hampton.[16] Praetorian brought a claim against Hampton for fraud and misrepresentation regarding his claim for additional living expenses.[17] Praetorian also sought to recover the money it paid to Wells Fargo Bank NA, the mortgagee of the property, due to Hampton's alleged breach of contract.[18]

The record reflects that Hampton was served with a summons and a copy of the counterclaim on June 13, 2018.[19] Hampton did not file a responsive pleading to the counterclaim before the July 5, 2018 deadline. On July 12, 2018, Praetorian filed a Motion for Entry of Default against Hampton.[20] On July 16, 2018, the Clerk of Court entered default against Hampton.[21] On July 17, 2018, Hampton filed an answer to the counterclaim, but did not move to set aside the entry

---

[13] Rec. Doc. 5.

[14] *Id.*

[15] Rec. Doc. 18.

[16] Rec. Doc. 7.

[17] *Id.* at 11–12.

[18] *Id.* at 13–14.

[19] Rec. Doc. 11.

[20] Rec. Doc. 12.

[21] Rec. Doc. 14.

of default.[22] On September 12, 2018, Praetorian filed its first Motion for Default Judgment against Hampton.[23] Hampton did not file an opposition.

On September 25, 2018, the Court conducted a status conference with the parties at the request of Praetorian.[24] Praetorian informed the Court that it was waiting to proceed with discovery until Plaintiff amended the complaint regarding his potential Section 1983 claims against JPSO, as discussed in the previous scheduling conference held by the Court's case manager.[25] At that time, Hampton's counsel Patrick Michael Doherty Breeden, III ("Breeden") informed the Court that he delayed in amending the complaint and proceeding with discovery because he intended to withdraw as counsel of record.[26] The Court advised Breeden that if he intended to withdraw, he do so by October 25, 2018 so as not to further delay these proceedings.[27] Breeden never moved to amend the complaint or moved to withdraw from the case.

On January 7, 2019, the Court denied Praetorian's first Motion for Entry of Default Judgment without prejudice.[28] Considering all of the circumstances at issue in the case, the Court declined to exercise its discretion to enter a default judgment at that time.[29] However, the Court cautioned Breeden that he could not continue to delay these proceedings.[30] Therefore, the Court

---

[22] Rec. Doc. 16.

[23] Rec. Doc. 19.

[24] Rec. Doc. 22.

[25] *Id.* at 1.

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 24.

[29] *Id.* at 10.

[30] *Id.*

stated that if Hampton, represented by Brenden, failed to move to set aside the entry of default within 14 days of the order, Praetorian was granted leave to refile a motion seeking a default judgment.[31]

On January 23, 2019, after more than 14 days had passed and Breeden had not moved to set aside the entry of default, Praetorian filed a second Motion for Default Judgment.[32] That same day, Praetorian filed a Motion requesting that a status conference be set to discuss how the case will proceed with respect to the Motion for Entry of Default Judgment.[33] Praetorian also filed a Motion Requesting a Hearing on its Motion for Default Judgment if the Court determined that a hearing was necessary.[34] Breeden did not move to set aside the entry of default and did not filed a response to any of the pending motions.

On February 14, 2019, the Court entered a default judgment against Hampton and in favor of Praetorian.[35] First, the Court considered jurisdiction.[36] The Court found that it held subject-matter jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between Praetorian, a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in New York, and Hampton, a citizen of Louisiana, and the amount in controversy exceeds $75,000.[37] The Court held that it need not consider the citizenship of JPSO

---

[31] *Id.*

[32] Rec. Doc. 25.

[33] Rec. Doc. 26.

[34] Rec. Doc. 27.

[35] Rec. Doc. 30.

[36] *Id*. at 9–10.

[37] *Id.*

for the purposes of diversity jurisdiction as Hampton fraudulently joined JPSO in this action.[38] The Court noted that Hampton had not opposed Praetorian's assertion that Hampton had improperly joined JPSO or moved to remand the case to state court.[39] Therefore, the Court found that JPSO was improperly joined as a defendant in this matter because Hampton did not allege any breach of a duty JPSO owed to him.[40] Then, taking Praetorian's well-pleaded facts as true, the Court held that Praetorian sufficiently demonstrated its claim for fraudulent misrepresentation against Hampton with respect to his claim for additional living expenses.[41] The Court awarded Praetorian $189,675.97 plus interest.[42]

On April 8, 2019, Praetorian filed a Motion for Summary Judgment on all remaining claims in Hampton's suit against Praetorian.[43] The motion was set for submission on April 24, 2019. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Hampton, while represented by Breeden, did not file any opposition to the motion.

On August 20, 2019, the Court issued an Order to Show Cause ordering Patrick Michael Doherty Breeden, III, attorney of record for Plaintiff, to appear before the Court on August 28, 2019 at 9:00 AM to show cause why he should not be held in contempt for failure to withdraw or prosecute this case.[44] Following the hearing, the Court issued an order holding Breeden in

---

[38] *Id.* at 9–10 n.62.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 18.

[42] *Id.*

[43] Rec. Doc. 31-2.

[44] Rec. Doc. 34.

contempt for failing to comply with the Court's orders.[45] The Court referred the matter to the Eastern District of Louisiana's Lawyers' Disciplinary Enforcement Committee for further investigation and, if warranted, discipline, related to Breeden's repeated failure to follow this Court's order to prosecute the case or withdraw as counsel of record.[46]

On August 26, 2019, Hampton filed a Motion to Enroll as Counsel of Record, seeking to enroll David A. Binegar ("Binegar") and Tiffany R. Christian ("Christian") as new counsel on his behalf in this case.[47] In the motion, Hampton claimed that his previous counsel, Breeden, absconded without informing plaintiff of the proceedings before this Court, or that Breeden intended to withdraw, or that Breeden intended not to oppose any of Praetorian's dispositive motions.[48] On August 29, 2019, the Court granted Hampton's Motion to Enroll and enrolled Binegar and Christian as counsel of record on behalf of Hampton.[49] On August 30, 2019, the Court issued an order giving Hampton thirty days to file additional briefing addressing any jurisdictional issues in the case, the entry of default judgment, and Praetorian's Motion for Summary Judgment.[50] On September 27, 2019, the Court granted Hampton an additional 14 days to file the briefing.[51]

On October 11, 2019, Hampton filed the "Motion for Relief from Judgment Pursuant to Rule 60, Federal Rules of Civil Procedure."[52] On November 8, 2019, Praetorian filed an opposition

---

[45] Rec. Doc. 44.

[46] *Id.*

[47] Rec. Doc. 35.

[48] *Id.* at 1.

[49] Rec. Doc. 38.

[50] Rec. Doc. 39.

[51] Rec. Doc. 41.

[52] Rec. Doc. 42.

to the motion.[53] On October 16, 2019, Hampton filed the instant motion to remand.[54] On November

11, 2019, Praetorian filed an opposition to the motion to remand.[55]

## II. Parties' Arguments

*A.*    ***The Motion to Remand***

### 1.    Hampton's Arguments in Support of the Motion to Remand

In the motion to remand, Hampton asserts that the Court should remand this case to state

court because Praetorian cannot prove that JPSO was improperly joined.[56] In support, Hampton

points to the allegations against JPSO in the Petition for Damages.[57] In the Petition, Hampton

alleged that JPSO did nothing to further the investigation into the fire and "acted negligently in its

handling of the investigation."[58] Hampton asserts that JPSO's delay in handling the official

investigation also delayed "the resolution of Hampton's insurance claim—right to the prescription

deadline for his claim."[59] According to Hampton, "Praetorian ultimately denied the claim and

Hampton was eventually arrested—but not charged—for suspicion of arson."[60] Hampton states

that "the nexus, if any, between the official investigation of the JPSO and the ongoing insurance

investigation is currently unknown."[61] However, "Hampton asserts that based upon the facts

---

[53] Rec. Doc. 50.

[54] Rec. Doc. 44.

[55] Rec. Doc. 52.

[56] Rec. Doc. 44-2 at 6.

[57] *Id.* at 7.

[58] *Id.* at 7–8.

[59] *Id.* at 8.

[60] *Id.*

[61] *Id.*

alleged in his original state court Petition, Hampton could recover against the JPSO and/or its employees."[62]

Hampton notes that "Praetorian only asserts that Hampton cannot recover for ordinary negligence but only for gross negligence."[63] According to Hampton, a trier of fact could find gross negligence by JPSO based on the facts alleged in the Petition.[64] Accordingly, Hampton asserts that this matter should be remanded.[65] Alternatively, Hampton contends that the Court should permit Hampton to perform discovery for the limited purpose of determining whether a cause of action can be asserted against JPSO for gross negligence.[66]

### 2. Praetorian's Arguments in Opposition to the Motion to Remand

In opposition, Praetorian argues that removal was proper because Hampton improperly joined JPSO.[67] According to Praetorian, JPSO was improperly joined for three separate and independent reasons.[68] First, Praetorian asserts that JPSO is not a legal entity capable of being sued.[69] Second, Praetorian contends that JPSO is statutorily immune from liability under Louisiana Revised Statute § 9:2798.1.[70] Third, Praetorian argues that Hampton failed to plead sufficient facts to establish that JPSO breached a duty owed to Hampton.[71] Accordingly, Praetorian argues that

---

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] Rec. Doc. 52 at 1.

[68] *Id.* at 3.

[69] *Id.*

[70] *Id.*

[71] *Id.*

the motion to remand should be denied.[72]

First, Praetorian asserts that JPSO is not a legal entity capable of being sued under Louisiana law.[73] Praetorian contends that the proper party defendant is either the elected Sheriff himself, or the individual deputies who Hampton claims are responsible for his injuries and damages.[74] Additionally, Praetorian notes that Hampton has not sought leave to amend the Petition to name a proper defendant.[75] Therefore, Praetorian argues that this Court is required to dismiss the only non-diverse defendant in the suit under a Rule 12(b)(6) analysis and conclude that Hampton improperly joined JPSO as a defendant.[76]

Second, Praetorian contends that JPSO is statutorily immune from liability under Louisiana Revised Statute § 9:2798.1 because the acts, errors, or omissions of JPSO of which Plaintiff complains are either policymaking or discretionary acts within the course and scope of JPSO's lawful powers and duties.[77] Praetorian cites a Louisiana appellate court decision holding that an allegation that a law enforcement agency failed to act in a particular way during an active investigation "clearly invokes the permissible exercise of policy decisions such as how to allocate and employ resources and manpower, and thus statutory immunity clearly applies to defeat plaintiffs' claim."[78] Additionally, Praetorian notes that under Louisiana law "only the most egregious conduct by parish agents, employees or representatives that exhibits an active desire to

---

[72] *Id.*

[73] *Id.*

[74] *Id.* at 7.

[75] *Id.* at 4.

[76] *Id.* at 7.

[77] *Id.*

[78] *Id.* at 8 (citing *Sarasino v. State Dept. of Public Safety and Corrections, et al.*, 16-408 at p. 9 (La. App. 5 Cir. 3/15/17); 215 So. 3d 923, 930).

harm, or a callous indifference to the risk of potential harm from flagrantly bad conduct," will rise to the level of gross negligence necessary to survive discretionary immunity.[79] Praetorian argues that Plaintiff's conclusory allegations against JPSO do not begin to approach the "most egregious conduct" threshold required to establish a cause of action against JPSO.[80]

Third, Praetorian argues that Hampton failed to plead sufficient facts to establish that JPSO breached a duty owed to Hampton.[81] Praetorian notes that the Petition states simply that, at all relevant times, JPSO was "investigat[ing] the 'cause' of the fire that destroyed [Hampton's] home. This investigation is still open and [t]here is no indication that the Sheriff's office has done anything in furtherance of the investigation," and JPSO "acted negligently in its handling of the investigation."[82] Praetorian asserts that these allegations consist precisely of the "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" and are not sufficient to state a claim against JPSO.[83] Therefore, Praetorian urges the Court to deny the motion to remand.[84]

## B.    *The Motion for Relief from Judgment*

### 1.    **Hampton's Arguments in Support of the Motion for Relief from Judgment**

Hampton moves the Court to set aside both the Order granting Praetorian's Rule 12(b)(6) Motion to Dismiss and the Order granting Praetorian's Motion for Default Judgment pursuant to

---

[79] *Id.* at 8–9 (quoting *Haab v. E. Bank Consol. Special Serv. Fire Prot. Dist. of Jefferson Parish*, 13-954 (La. App. 5 Cir. 5/28/14); 139 So. 3d 117).

[80] *Id.* at 9.

[81] *Id.*

[82] *Id.* at 10.

[83] *Id.*

[84] *Id.* at 11.

Federal Rule of Civil Procedure 60(b).[85] Hampton argues he is entitled to relief pursuant to Rule 60(b)(6) because his former attorney committed gross negligence when he failed to litigate the case on Hampton's behalf and failed to inform Hampton of the proceedings.[86] Hampton contends that this motion is timely because he was unaware of the default judgment until it appeared on his credit report, and he immediately sought advise of new counsel who filed this motion as soon as practicable thereafter.[87] He argues that the preference for adjudications on the merits should prevail, and notes that the default judgment may impact resolution of the pending motion for summary judgment.[88] Furthermore, he asserts that there is no assurance he could recover against Breeden for legal malpractice.[89] Finally, he contends there is a considerable question as to whether Praetorian is entitled to the relief it sought.[90] Accordingly, Hampton moves the Court to set aside its prior orders.[91]

### 2. Praetorian's Arguments in Opposition to the Motion for Relief from Judgment

In opposition, Praetorian argues that the motion should be denied because it was not filed within a reasonable time.[92] Praetorian notes that Hampton has admitted he was served with Praetorian's counterclaim on June 13, 2018.[93] Praetorian asserts that Hampton did very little to

---

[85] Rec. Doc. 42-1 at 1.

[86] *Id.* at 13–14.

[87] *Id.* at 13.

[88] *Id.* at 13–14.

[89] *Id.* at 14.

[90] *Id.*

[91] *Id.* at 15.

[92] Rec. Doc. 50 at 3.

[93] *Id.*

keep abreast of the developments in the case, and argues that Hampton could have taken steps to check the progress of the litigation after his attorney became unresponsive.[94] Additionally, Praetorian asserts that Hampton has not demonstrated extraordinary circumstances to justify relief under Rule 60(b)(6).[95] Praetorian contends that "a number of federal circuits have declined to afford relief under Rule 60(b)(6) based on the assertion of the gross negligence of a party's counsel."[96] Therefore, Praetorian argues that the motion should be denied because Hampton has not met his burden of showing that this case involves the sort of unusual and extreme situation where principles of equity mandate relief.[97]

## III. Legal Standard

### A. *Legal Standard on a Motion to Dismiss based on Improper Joinder*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[98] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[99] The removing party bears the burden of demonstrating that federal jurisdiction exists.[100] Subject matter jurisdiction is fixed at the time of removal, and it cannot be eliminated by events that occur after removal.[101]

---

[94] *Id.* at 5.

[95] *Id.*

[96] *Id.* at 6.

[97] *Id.* at 10.

[98] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[99] 28 U.S.C. § 1332(a)(1).

[100] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[101] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition, that federal courts are courts of limited jurisdiction and that "removal statute[s] should be strictly construed in favor of remand."[102] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[103] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In this case, complete diversity of citizenship is lacking on the face of the state court petition because Hampton and JPSO are citizens of Louisiana. Despite the presence of a non-diverse defendant in this lawsuit, Praetorian argues that this Court has diversity jurisdiction over this matter because Hampton has improperly joined JPSO in order to defeat diversity jurisdiction.

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[104] The party asserting improper joinder "bears a heavy burden of proving that joinder of the in-state party was improper."[105] The Fifth Circuit has long recognized two methods of fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court.[106] In this case, Praetorian alleges that JPSO is improperly joined because Plaintiffs have not pled a viable cause of action against JPSO.

---

[102] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[103] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[104] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

[105] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[106] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (internal citations omitted). The Fifth Circuit also refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329

In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit stated that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[107] District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways.[108] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[109] Second, in rare cases, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[110]

If a court decides to "pierce the pleadings" when assessing a claim of improper joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[111] However, a court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a

---

(5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases. *See, e.g., Crockett*, 436 F.3d 532. In this Order, the Court will use both terms.

[107] *Smallwood*, 385 F.3d at 573.

[108] *Id.*

[109] *Id.*

[110] *Id.*

[111] *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).

possibility that the plaintiff might do so."[112] In other words, where courts choose to pierce the pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[113] The Fifth Circuit has stated that district courts should consider summary judgment-type evidence at this stage of the proceedings only in those cases, "hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[114] Even in such cases, the district court's decision to pierce the pleadings and conduct a summary inquiry is within its discretion.[115]

"To determine whether jurisdiction is present for removal," the Fifth Circuit instructs that courts must "consider the claims in the state court petition as they existed at the time of removal."[116] "[A] complaint amended post-removal cannot divest a federal court of jurisdiction."[117] As the Fifth Circuit has explained:

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.[118]

---

[112] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

[113] *Travis*, 326 F.3d at 650.

[114] *Smallwood*, 385 F.3d at 573.

[115] *Id.*

[116] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

[117] *Cavallini*, 44 F.3d at 264 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

[118] *Id.*

"[P]ost-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded."[119] If the Court "determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice."[120]

## B.    *Legal Standard on a Rule 60(b) Motion*

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1)    Mistake, inadvertence, surprise, or excusable neglect;
(2)    Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)    Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4)    The judgment is void;
(5)    The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)    Any other reason that justifies relief.[121]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[122] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[123]

---

[119] *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013), *abrogated on other grounds by Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016).

[120] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209.

[121] Fed. R. Civ. P. 60(b).

[122] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[123] Fed. R. Civ. P. 60(c)(1).

## IV. Analysis

### A. Motion to Remand

In the Notice of Removal, Praetorian asserts that JPSO was improperly joined as a defendant in this matter.[124] In the Motion to Remand, Hampton asserts that the Court should remand this case to state court because Praetorian cannot prove that JPSO was improperly joined.[125] Hampton asserts that he could recover against JPSO and/or its employees for gross negligence because their delay in handling the official investigation also delayed the resolution of his insurance claim.[126] Alternatively, Hampton contends that the Court should permit Hampton to perform discovery for the limited purpose of determining whether a cause of action can be asserted against JPSO for gross negligence.[127] In opposition, Praetorian argues JPSO was improperly joined for three separate and independent reasons: (1) JPSO is not a legal entity capable of being sued; (2) JPSO is statutorily immune from liability under Louisiana Revised Statute § 9:2798.1; and (3) Hampton failed to plead sufficient facts to establish that JPSO breached a duty owed to Hampton.[128] Accordingly, the Court addresses each of these issues.

#### 1. Whether Hampton Can Recover Against JPSO

Praetorian correctly cites Louisiana appellate court cases holding that "a Sheriff's Office is not a legal entity capable of being sued."[129] Additionally, the United States Court of Appeals for

---

[124] Rec. Doc. 1 at 3–4.

[125] Rec. Doc. 44-2.

[126] *Id.* at. 8.

[127] *Id.*

[128] Rec. Doc. 52 at 3.

[129] *Ferguson v. Stephens*, 623 So. 2d 711, 714 (La. App. 4 Cir. 1993) (citing *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So. 2d 578 (La. App. 4 Cir. 1980), *reversed in part on other grounds*, 402 So. 2d 669 (La. 1981). *See also Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Department*, 350 So. 2d 236 (La. App. 3 Cir. 1977).

the Fifth Circuit has recognized that under Louisiana law "although a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit."[130] However, in *Riley v. Evangeline Parish Sheriff's Office*, the Louisiana Supreme Court held that the plaintiff's failure to specifically name the sheriff as a defendant in the suit did not bar recovery against the sheriff in his official capacity.[131] The Louisiana Supreme Court noted that the sheriff, through his attorney, fully litigated the claims raised in the petition.[132] Therefore, because the parties "[c]learly . . . understood that plaintiff's suit against the 'Sheriff's Office' raised claims against the sheriff in his official capacity," the Louisiana Supreme Court held that the plaintiff could enforce the judgment against the sheriff in his official capacity.[133] Accordingly, while the JPSO is not a legal entity capable of being sued under Louisiana law, the Jefferson Parish Sheriff is amenable to suit. Unlike *Riley*, where the sheriff participated in the case, no representative of JPSO has ever participated in this case, and the record indicates that JPSO was never served. Nevertheless, because the Louisiana Supreme Court has held that a plaintiff can enforce a judgment against the sheriff when only the sheriff's office is named as a defendant, there is a possibility that Hampton could recover against JPSO. Accordingly, the Court cannot conclude that JPSO was improperly joined on that basis.

### 2.    Whether Hampton has Stated a Claim Against JPSO

Praetorian contends that Hampton failed to plead sufficient facts to state a negligence claim against JPSO. Louisiana courts generally employ a duty-risk analysis, whereby a plaintiff must establish the following five elements: "(1) the defendant had a duty to conform his conduct to a

---

[130] *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002).

[131] *Riley v. Evangeline Par. Sheriff's Office*, 637 So. 2d 395, 395 (La. 1994).

[132] *Id.*

[133] *Id.*

specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)."[134]

In the Petition, Hampton alleges that JPSO was investigating "the cause of the fire that destroyed Mr. Hampton's home. This investigation is still open and [t]here is no indication that the Sheriff's office has done anything in furtherance of its investigation."[135] Hampton also alleges that JPSO "acted negligently in its handling of the investigation" and is liable for all damages Hampton has incurred.[136] In the motion to remand, Hampton asserts that JPSO's delay in handling the official investigation also delayed "the resolution of Hampton's insurance claim—right to the prescription deadline for his claim."[137] According to Hampton, "Praetorian ultimately denied the claim and Hampton was eventually arrested—but not charged—for suspicion of arson."[138] Hampton states that "the nexus, if any, between the official investigation of the JPSO and the ongoing insurance investigation is currently unknown."[139] Hampton alleges that JPSO had a duty to investigate the cause of the fire and breached that duty by failing to perform the investigation in a timely manner. These allegations are sufficient to state a negligence claim against JPSO.[140]

---

[134] *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (internal citations omitted).

[135] Rec. Doc. 1-1 at 4.

[136] *Id.*

[137] Rec. Doc. 44-2 at 8.

[138] *Id.*

[139] *Id.*

[140] In the February 14, 2019 Order granting Praetorian's Motion for Default Judgment, the Court found that JPSO was fraudulently joined as a defendant in this matter because Hampton did not allege any breach of a duty JPSO owed to him. *See* Rec. Doc. 30 at 9–10, n. 62. At that time, Hampton had not opposed Praetorian's assertion that Hampton had

### 3.    Whether JPSO is Immune from Liability

Finally, Praetorian asserts that JPSO is statutorily immune from liability under Louisiana Revised Statute § 9:2798.1. Section 9:2798.1(B) protects public entities from liability for discretionary decisions by providing immunity when performing "their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties."[141] The "discretionary function" immunity provided by Section 9:2798.1(B) is an affirmative defense.[142] Louisiana courts have consistently held that "the application of this affirmative defense is a question of fact to be determined through a trial"[143] or on a motion for summary judgment when there are no material facts in dispute.[144] The defendant bears the burden to prove the application of the affirmative defense by a preponderance of the evidence.[145]

The Fifth Circuit has "held that should the defendant establish the existence of an affirmative defense to the plaintiff's state law claims, 'it necessarily follows that joinder was fraudulent, and the district court properly exercised its removal jurisdiction.'"[146] "However, if

---

not stated a claim against JPSO or moved to remand the case to state court. However, upon further review, the Court finds this determination was in error. Praetorian argues that Hampton's allegations against JPSO are too conclusory to state a claim that survives review under *Twombly*. The petition could certainly benefit from some additional facts to describe what happened during JPSO's investigation. However, it conveys that there was a fire, and JPSO was potentially negligent because it failed to investigate the cause of the fire. These allegations are adequate to provide a short and plain statement of a negligence claim under state law.

[141] La. Rev. Stat. § 9:2798.1.

[142] *White v. City of New Orleans*, 2000-2683 (La. App. 4 Cir. 1/9/01); 806 So. 2d 675, 677.

[143] *Populis v. State Dep't of Transportation & Dev.*, 16-655 (La. App. 5 Cir. 5/31/17); 222 So. 3d 975, 981 (citing *Banks v. Parish of Jefferson*, 12-215 (La. App. 5 Cir. 1/30/13); 108 So. 3d 1208, 1214); *Murphy Cormier General Contractor, Inc. v. State, Dep't of Health & Hospitals*, 2012-1000 (La. App. 3 Cir. 5/22/13); 114 So. 3d 567, 599; *Johnson v. Orleans Parish School Bd.*, 2006-1223 (La. App. 4 Cir. 1/30/08); 975 So. 2d 698, 710.

[144] *Mercer v. Lowe*, 51,333 (La. App. 2 Cir. 4/5/17); 217 So. 3d 1235, 1238; *Sarasino v. State Dept. of Public Safety and Corrections, et al.*, 16-408 (La. App. 5 Cir. 3/15/17); 215 So. 3d 923, 930

[145] *Johnson*, 975 So. 2d at 710.

[146] *Parkway Imaging Ctr., Inc. v. Home Life Fin. Assur. Corp.*, 198 F.3d 240, at *6 (5th Cir. 1999) (citing *Sid Richardson Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996)).

there exists any possibility that the plaintiff might survive the affirmative defense," the case must be remanded to state court.[147]

The Louisiana Supreme Court has adopted a two-step inquiry to analyze the application of immunity under Section 9:2798.1.[148] "First, a court must determine whether a statute, regulation or policy specifically prescribes the course of action for the employee or agency to follow."[149] If so, no discretion on the part of the employee or agency is involved, and immunity does not apply.[150] "If a court determines discretion is involved, the court must then determine whether that discretion 'is the kind which is shielded by the exception, that is, one grounded in social, economic or political policy.'"[151] Thus, "[t]he exception protects the government from liability only at the policy making or ministerial level, not at the operational level."[152]

Praetorian contends that discretionary function immunity applies to a law enforcement agency's failure to act in a particular way during an active investigation because such a decision invokes the permissible exercise of policy decisions.[153] In support, Praetorian cites *Sarasino v. State Department of Public Safety and Corrections*, a Louisiana Fifth Circuit Court of Appeal case holding that the sheriff was entitled to immunity on a "failing to properly protect claim, whether it consisted of a decision not to place a guard around a possible intended victim, or how often to

---

[147] *Id.*

[148] *Simeon v. Doe*, 618 So. 2d 848, 852–53 (La. 1993); *Fowler v. Roberts*, 556 So. 2d 1 (La. 1989).

[149] *Mercer*, 217 So. 3d at 1238.

[150] *Id.*

[151] *Id.* (quoting *Fowler*, 556 So. 2d at 15).

[152] *Sarasino*, 215 So. 3d at 930.

[153] Rec. Doc. 52 at 8.

search for someone who had threatened others."[154] The court reasoned that the decision "clearly invokes the permissible exercise of policy decisions such as how to allocate and employ resources and manpower, and thus statutory immunity clearly applies to defeat plaintiffs' claim. . . ."[155] On the contrary, in *Martin v. State, Department of Public Safety and Corrections*, the Louisiana Second Circuit Court of Appeal held that a state-trooper was not entitled to immunity from liability in a defamation suit arising out of police news release that mistakenly identified the plaintiff as the driver of the vehicle and also stated that he was suspected of using alcohol, because the trooper had a statutory, non-discretionary duty to investigate the accident.[156]

Hampton claims that JPSO negligently investigated the cause of the fire at his property. Louisiana Revised Statute § 40:1566 provides that "the sheriff of each parish . . . shall investigate the cause, origin, and circumstances of every fire occurring within their respective jurisdictions. This investigation shall specifically determine, insofar as possible, the cause of and circumstances surrounding the fire." If JPSO had a statutory duty to investigate the fire, the investigation would not qualify as a discretionary act subject to the immunity provisions of Louisiana Revised Statute § 9:2798.1 . Therefore, there is a possibility that Hampton might survive the affirmative defense because Louisiana Revised Statute § 9:2798.1 may not bar recovery against JPSO in this case.

Furthermore, even if discretionary function immunity applies, Hampton argues that JPSO could be held liable under a theory of gross negligence. "Where a public entity exercises its policymaking or discretionary duties, immunity applies in the absence of gross negligence."[157]

---

[154] *Sarasino*, 215 So. 3d at 930.

[155] *Id.*

[156] 47,647 (La. App. 2 Cir. 1/16/13); 109 So. 3d 442, 450.

[157] *Sarasino v. State Dept. of Public Safety and Corrections, et al.*, 16-408 (La. App. 5 Cir. 3/15/17); 215 So. 3d 923, 930.

"Gross negligence has been defined as the want of even slight care and diligence; the want of diligence which even careless men are accustomed to exercise; the entire absence of care; utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others; the extreme departure from ordinary care; or, the want of even scant care."[158]

Praetorian argues that the allegations against JPSO in the Petition do not begin to approach the "most egregious conduct" threshold required to establish gross negligence.[159] However, the Court need not reach this issue. Discretionary function immunity is an affirmative defense, and the burden of establishing this defense rests on the defendant. Hampton would only be required to establish gross negligence if discretionary function immunity applies.

Praetorian has offered no evidence on the issue of immunity, and the applicability of the defense is not evident from the face of the Petition.[160] Indeed, the Court finds that there is a reasonable basis for predicting "that the plaintiff might be able to recover" against JPSO.[161] As the party who removed the case, Praetorian bears the heavy burden of proving that joinder of JPSO was improper.[162] On a motion to remand based on improper joinder, the Court cannot assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[163] Furthermore, all "doubts regarding whether removal jurisdiction is proper should be resolved against federal

---

[158] *Id.* (internal citations omitted).

[159] Rec. Doc. 52 at 9.

[160] *Anh Ngoc Vo v. Chevron U.S.A., Inc.*, No. 12-1341, 2012 WL 6002759, at *7 (E.D. La. Nov. 30, 2012) (Engelhardt, J.) *See also Bonin v. Ackal*, No. 17-0637, 2018 WL 522716, at *2 (W.D. La. Jan. 23, 2018) (declining to rule on a discretionary function immunity defense at the motion to dismiss stage).

[161] *Smallwood*, 385 F.3d at 573.

[162] *Id.* at 574.

[163] *Guillory*, 434 F.3d at 308–09.

jurisdiction."[164] Because it is not clear that Hampton will be unable to prevail on the claims against JPSO, the Court finds that this matter must be remanded to state court.

**B.     *Rule 60(b) Motion***

Hampton moves the Court to set aside both the Order granting Praetorian's Rule 12(b)(6) Motion to Dismiss and the Order granting Praetorian's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 60(b).[165] Hampton argues he is entitled to relief pursuant to Rule 60(b)(6) because his former attorney committed gross negligence when he failed to litigate the case on Hampton's behalf and failed to inform Hampton of the proceedings.[166] "Relief cannot be had under clause (6) if it would have been available under the earlier clauses."[167] However, it is permissible for the Court to construe a motion made pursuant to one clause of Rule 60 under another clause.[168]

A motion for relief under Rule 60(b)(4) allows a party to receive relief from a final judgment, order, or proceeding if the underlying judgment is void. The Fifth Circuit has recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): (1) if the court lacked subject matter or personal jurisdiction; and (2) if the court acted in a manner inconsistent with due process of law.[169] "When . . . the motion is based on a void judgment under Rule 60(b)(4), the district court has no discretion—the judgment is either void or it is not."[170] For the reasons

---

[164] *Acuna*, 200 F.3d at 339.

[165] Rec. Doc. 42-1 at 1.

[166] *Id.* at 13–14.

[167] *Hess v. Cockrell*, 281 F.3d 212, 215 n.11 (5th Cir. 2002) (quoting Wright and Miller, Federal Practice and Procedure, § 2264 at 362).

[168] *Id.* at 215.

[169] *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998).

[170] *Recreational Props., Inc. v. Sw. Mortgage Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) (citations omitted).

discussed above, the Court lacks subject matter jurisdiction over this case. Accordingly, the Court must set aside both the Order granting Praetorian's Rule 12(b)(6) Motion to Dismiss and the Order granting Praetorian's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 60(b).

## **V. Conclusion**

Based on the foregoing, it is not clear that Hampton will be unable to prevail on his claims against JPSO. Therefore, the Court lacks subject matter jurisdiction over this case and must remand it to the state court from which it was removed. For this reason, the Court must set aside both the September 6, 2018 Order[171] granting Praetorian's Rule 12(b)(6) Motion to Dismiss and the February 14, 2019 Order[172] granting Praetorian's Motion for Default Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Glenn Hampton's Motion for Relief from Judgment Pursuant to Rule 60, Federal Rules of Civil Procedure"[173] is **GRANTED**. The September 6, 2018 Order[174] granting Praetorian's Rule 12(b)(6) Motion to Dismiss and the February 14, 2019 Order[175] granting Praetorian's Motion for Default Judgment are set aside.

---

[171] Rec. Doc. 18.

[172] Rec. Doc. 30 (as amended by Rec. Doc. 33).

[173] Rec. Doc. 42.

[174] Rec. Doc. 18.

[175] Rec. Doc. 30 (as amended by Rec. Doc. 33).

**IT IS FURTHER ORDERED** that Plaintiff Glenn Hampton's Motion to Remand[176] is **GRANTED** and this matter is remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __17th__ day of January, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[176] Rec. Doc. 44.