**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GLENN HAMPTON**                                              **CIVIL ACTION**

**VERSUS**                                                     **CASE NO. 18-3528**

**PRAETORIAN INSURANCE COMPANY, et al.**        **SECTION: "G"(2)**

## ORDER AND REASONS

Pending before the Court is Defendant Praetorian Insurance Company's ("Praetorian") "Motion for Reconsideration and/or Certification for Interlocutory Appeal."[1] This case arises out of a fire at Plaintiff Glenn Hampton's ("Hampton") residence, as a result of which, Hampton claims that Praetorian owes him unpaid compensation as his insurer.[2] Praetorian moves the Court to reconsider its January 17, 2020 Order remanding this case to state court or, in the alternative, to certify the Court's determination on fraudulent joinder for interlocutory appeal.[3] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court concludes that it does not have jurisdiction to consider the instant motion to reconsider its previous ruling remanding the case and therefore denies the motion.

## I. Background

*A.*     *Factual Background*

On January 30, 2018, Hampton filed a Petition for Damages against Praetorian Insurance Company ("Praetorian") and the Jefferson Parish Sheriff's Office ("JPSO") in the 24th Judicial

---

[1] Rec. Doc. 60.

[2] *See* Rec. Doc. 1-1 at 3.

[3] Rec. Doc. 60 at 1.

1

District Court for the Parish of Jefferson, State of Louisiana. [4] In the petition, Hampton alleges that he owned a property that was destroyed in a fire on January 30, 2016.[5] According to the petition, Praetorian insured the property.[6] Hampton brings a claim against Praetorian for bad faith processing of the insurance claim in violation of Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute § 22:1973.[7] Hampton also brings a claim against JPSO for negligent handling of the investigation.[8]

**B.      *Procedural Background***

On April 3, 2018, Praetorian removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[9] Specifically, Praetorian asserted that the parties are diverse because Hampton is a citizen of Louisiana and Praetorian is an insurance company incorporated in Pennsylvania with its principal place of business in New York.[10] Praetorian acknowledged that JPSO is not diverse from Hampton because they are both citizens of Louisiana.[11] However, Praetorian asserted that the citizenship of JPSO should not be considered for purposes of establishing diversity jurisdiction because JPSO is improperly joined as a defendant.[12] Finally, Praetorian alleged that the amount in controversy is clearly established because Hampton asserts

---

[4] Rec. Doc. 1-1 at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 4.

that he is entitled to recover $176,000.00 for damage to the building at issue in this case and $177,100.00 for damage to the contents of the property at issue and additional living expenses incurred as a result of the fire.[13]

On April 9, 2018, Praetorian filed a "Rule 12(b)(6) Motion to Dismiss."[14] The motion was set for submission on April 25, 2018.[15] Hampton did not file any opposition to the motion. On September 5, 2018, the Court granted the unopposed motion to dismiss, and dismissed Hampton's bad faith claim against Praetorian.[16]

On April 10, 2018, Praetorian filed a counterclaim against Hampton.[17] Praetorian brought a claim against Hampton for fraud and misrepresentation regarding his claim for additional living expenses.[18] Praetorian also sought to recover the money it paid to Wells Fargo Bank NA, the mortgagee of the property, due to Hampton's alleged breach of contract.[19]

The record reflects that Hampton was served with a summons and a copy of the counterclaim on June 13, 2018.[20] Hampton did not file a responsive pleading to the counterclaim before the July 5, 2018 deadline. On July 12, 2018, Praetorian filed a Motion for Entry of Default

---

[13] *Id.*

[14] Rec. Doc. 5.

[15] *Id.*

[16] Rec. Doc. 18.

[17] Rec. Doc. 7.

[18] *Id.* at 11–12.

[19] *Id.* at 13–14.

[20] Rec. Doc. 11.

against Hampton.[21] On July 16, 2018, the Clerk of Court entered default against Hampton.[22] On July 17, 2018, Hampton filed an answer to the counterclaim, but did not move to set aside the entry of default.[23] On September 12, 2018, Praetorian filed its first Motion for Default Judgment against Hampton.[24] Hampton did not file an opposition.

On September 25, 2018, the Court conducted a status conference with the parties at the request of Praetorian.[25] Praetorian informed the Court that it was waiting to proceed with discovery until Plaintiff amended the complaint regarding his potential Section 1983 claims against JPSO, as discussed in the previous scheduling conference held by the Court's case manager.[26] At that time, Hampton's counsel Patrick Michael Doherty Breeden, III ("Breeden") informed the Court that he delayed in amending the complaint and proceeding with discovery because he intended to withdraw as counsel of record.[27] The Court advised Breeden that if he intended to withdraw, he do so by October 25, 2018 so as not to further delay these proceedings.[28] Breeden never moved to amend the complaint or moved to withdraw from the case.

On January 7, 2019, the Court denied Praetorian's first Motion for Entry of Default Judgment without prejudice.[29] Considering all of the circumstances at issue in the case, the Court

---

[21] Rec. Doc. 12.

[22] Rec. Doc. 14.

[23] Rec. Doc. 16.

[24] Rec. Doc. 19.

[25] Rec. Doc. 22.

[26] *Id.* at 1.

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 24.

4

declined to exercise its discretion to enter a default judgment at that time.[30] However, the Court cautioned Breeden that he could not continue to delay these proceedings.[31] Therefore, the Court stated that if Hampton, represented by Brenden, failed to move to set aside the entry of default within 14 days of the order, Praetorian was granted leave to refile a motion seeking a default judgment.[32]

On January 23, 2019, after more than 14 days had passed and Breeden had not moved to set aside the entry of default, Praetorian filed a second Motion for Default Judgment.[33] That same day, Praetorian filed a Motion requesting that a status conference be set to discuss how the case will proceed with respect to the Motion for Entry of Default Judgment.[34] Praetorian also filed a Motion Requesting a Hearing on its Motion for Default Judgment if the Court determined that a hearing was necessary.[35] Breeden did not move to set aside the entry of default and did not filed a response to any of the pending motions.

On February 14, 2019, the Court entered a default judgment against Hampton and in favor of Praetorian.[36] First, the Court considered jurisdiction.[37] The Court found that it held subject-matter jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between

---

[30] *Id.* at 10.

[31] *Id.*

[32] *Id.*

[33] Rec. Doc. 25.

[34] Rec. Doc. 26.

[35] Rec. Doc. 27.

[36] Rec. Doc. 30.

[37] *Id.* at 9–10.

Praetorian, a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in New York, and Hampton, a citizen of Louisiana, and the amount in controversy exceeds $75,000.[38] The Court held that it need not consider the citizenship of JPSO for the purposes of diversity jurisdiction as Hampton fraudulently joined JPSO in this action.[39] The Court noted that Hampton had not opposed Praetorian's assertion that Hampton had improperly joined JPSO or moved to remand the case to state court.[40] Therefore, the Court found that JPSO was improperly joined as a defendant in this matter because Hampton did not allege any breach of a duty JPSO owed to him.[41] Then, taking Praetorian's well-pleaded facts as true, the Court held that Praetorian sufficiently demonstrated its claim for fraudulent misrepresentation against Hampton with respect to his claim for additional living expenses.[42] The Court awarded Praetorian $189,675.97 plus interest.[43]

On April 8, 2019, Praetorian filed a Motion for Summary Judgment on all remaining claims in Hampton's suit against Praetorian.[44] The motion was set for submission on April 24, 2019. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Hampton, while represented by Breeden, did not file any opposition to the motion.

---

[38] *Id.*

[39] *Id.* at 9–10 n.62.

[40] *Id.*

[41] *Id.*

[42] *Id.* at 18.

[43] *Id.*

[44] Rec. Doc. 31-2.

6

On August 20, 2019, the Court issued an Order to Show Cause ordering Patrick Michael Doherty Breeden, III, attorney of record for Plaintiff, to appear before the Court on August 28, 2019 at 9:00 AM to show cause why he should not be held in contempt for failure to withdraw or prosecute this case.[45] Following the hearing, the Court issued an order holding Breeden in contempt for failing to comply with the Court's orders.[46] The Court referred the matter to the Eastern District of Louisiana's Lawyers' Disciplinary Enforcement Committee for further investigation and, if warranted, discipline, related to Breeden's repeated failure to follow this Court's order to prosecute the case or withdraw as counsel of record.[47]

On August 26, 2019, Hampton filed a Motion to Enroll as Counsel of Record, seeking to enroll David A. Binegar ("Binegar") and Tiffany R. Christian ("Christian") as new counsel on his behalf in this case.[48] In the motion, Hampton claimed that his previous counsel, Breeden, absconded without informing plaintiff of the proceedings before this Court, or that Breeden intended to withdraw, or that Breeden intended not to oppose any of Praetorian's dispositive motions.[49] On August 29, 2019, the Court granted Hampton's Motion to Enroll and enrolled Binegar and Christian as counsel of record on behalf of Hampton.[50] On August 30, 2019, the Court

---

[45] Rec. Doc. 34.

[46] Rec. Doc. 44.

[47] *Id*. On April 27, 2020 the Louisiana Supreme Court granted Breeden's request for permanent resignation in lieu of discipline. *In re Breeden*, 2020-0315 (La. 4/27/20), 295 So. 3d 391. It was further ordered that Breeden be "permanently prohibited from practicing law in Louisiana or in any other jurisdiction in which he is admitted to the practice of law; shall be permanently prohibited from seeking readmission to the practice of law in this state or in any other jurisdiction in which he is admitted; and shall be permanently prohibited from seeking admission to the practice of law in any jurisdiction." *Id*.

[48] Rec. Doc. 35.

[49] *Id*. at 1.

[50] Rec. Doc. 38.

issued an order giving Hampton thirty days to file additional briefing addressing any jurisdictional issues in the case, the entry of default judgment, and Praetorian's Motion for Summary Judgment.[51] On September 27, 2019, the Court granted Hampton an additional 14 days to file the briefing.[52]

On January 17, 2020, the Court granted Hampton's motion to remand.[53] The Court found that it was not clear that Hampton would be unable to prevail on his claims against JPSO.[54] The Court determined that it lacked subject matter jurisdiction over this case and therefore ordered that this matter be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[55] For this reason, the Court set aside both the September 6, 2018 Order,[56] granting Praetorian's Rule 12(b)(6) Motion to Dismiss and the February 14, 2019 Order,[57] granting Praetorian's Motion for Default Judgment.

On February 14, 2020, Praetorian filed the instant motion for reconsideration.[58] On March 17, 2020, Hampton filed an opposition to the instant motion.[59] On April 6, 2020, Praetorian, with leave of Court, filed a reply.[60]

---

[51] Rec. Doc. 39.

[52] Rec. Doc. 41.

[53] Rec. Doc. 56.

[54] *Id*. at 18–25.

[55] *Id*.

[56] Rec. Doc. 18.

[57] Rec. Doc. 30 (as amended by Rec. Doc. 33).

[58] Rec. Doc. 60.

[59] Rec. Doc. 65.

[60] Rec. Doc. 69.

## II. Parties' Arguments

### A.   *Praetorian's Arguments in Favor of the Motion for Reconsideration*

Praetorian argues that the Court should reconsider its January 17, 2020 Order or, in the alternative, certify for interlocutory appeal the Court's determination on fraudulent joinder.[61]

Praetorian argues that although 28 U.S.C. § 1447(d) generally bars federal review of remand orders for lack of subject matter jurisdiction, such orders are reviewable if they satisfy the requirements of *City of Waco, Texas v. United States Fidelity & Guaranty Co.*[62] Praetorian contends that the Court has subject matter jurisdiction to reconsider its remand order and determination that JPSO was not fraudulently joined because it is: (1) separable from the remand order and (2) a collateral final order.[63] In the alternative, Praetorian argues that the Court has jurisdiction to consider the Motion to Certify for Interlocutory Appeal.[64] Praetorian contends that it has timely filed its motion within the 28-day time limit under Federal Rule of Civil Procedure 59(e).[65]

Praetorian argues that the Court's improper joinder determination is separable and conclusive.[66] Praetorian contends that the order accompanying or preceding the remand order is separable in logic from the remand order.[67] Praetorian argues that the Court's improper joinder

---

[61] Rec. Doc. 60-1 at 1.

[62] *Id.* at 3 (citing *City of Waco, Tex. v. U.S. Fid. & Guar. Co.*, 293 U.S. 140 (1934)).

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] *Id.*

determination provided the impetus for remand and therefore preceded the remand in logic.[68] Additionally, Praetorian contends that joinder determinations are conclusive for § 1447(d) purposes.[69]

Praetorian argues that the Court's prior Order satisfies the Collateral Order Doctrine under 28 U.S.C. § 1291.[70] Praetorian contends that to satisfiy the Collateral Order Doctrine, the Court's order must (1) be conclusive; (2) resolve important questions separate from the merits; and (3) be effectively unreviewable on appeal from the final judgment in the underlying action, or too important to be denied review.[71]

Here, Praetorian argues that the Court's prior Order is conclusive because it determined the disputed question of the Jefferson Parish Sheriff's Office presence in the litigation.[72] Praetorian contends that the joinder of a party satisfies the second requirement because the addition of a party to the lawsuit does not affect the underlying merits of Plaintiff's claims.[73] Regarding the third factor, Praetorian argues that an order is not deemed effectively unreviewable on an appeal from a final judgment if the order did nothing more than affect the forum in which the case will be heard.[74] Here, Praetorian contends that improper joinder determination vacated two prior

---

[68] *Id.* at 3-4.

[69] *Id.* at 4.

[70] *Id.*

[71] *Id.* at 4-5.

[72] *Id.* at 5.

[73] *Id.*

[74] *Id.* at 6.

judgments, and Praetorian has no basis for obtaining reinstatement of those orders.[75] Additionally, Praetorian argues that the Court's prior Order denied the JPSO the right to be free from suit, which is effectively unreviewable on appeal.[76] Furthermore, Praetorian contends that the Court "presumably denied a future party, specifically those officers who Hampton may seek to add to the litigation, the right to be dismissed from suit for violation of the statute of limitations."[77]

Praetorian argues that reconsideration is required to correct a manifest error of law.[78] Praetorian contends that because the Jefferson Parish Sheriff's Office is not a legal entity amenable to civil suit for damages, there is no basis for remand.[79] Praetorian argues that the Court erred in relying upon the Louisiana Supreme Court's decision in *Riley v. Evangeline Par. Sheriff's Office*, for the proposition that there is a possibility that Hampton could recover against JPSO.[80] Praetorian contends that after the Louisiana Supreme Court's decision in *Riley*, multiple courts continued to hold that Parish Sheriff's Offices lack the capacity to sue or be sued.[81] Praetorian argues that because this Court cannot remand a matter based on the presence of a non-diverse party who lacks the capacity to sue or be sued, the Court's prior Order constitutes a manifest error of law.[82]

---

[75] *Id.*

[76] *Id.* at 7.

[77] *Id.*

[78] *Id.* at 9.

[79] *Id.*

[80] *Id.*

[81] *Id.* at 10.

[82] *Id.* at 11 (citing *United Student Aid Funds*, 559 U.S. at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (1986); *see also United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661–62 (1st Cir. 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void.")(brackets and internal quotation marks omitted)).

Additionally, Praetorian contends that the Supreme Court has reserved relief from judgment under Rule 60(b)(4) only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction.[83] Praetorian argues that here, there is at least an arguable basis for jurisdiction.[84] Praetorian contends that "where a case is tried on the merits after removal without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed; rather, courts are instructed to review the pleadings as they existed at the time the district court entered judgment."[85] Praetorian argues that the Supreme Court has held that "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered."[86] Praetorian contends that when the judgments were rendered in this case, the Court had jurisdiction.[87]

Praetorian argues that reconsideration is required to prevent a manifest injustice.[88] Praetorian contends that "[c]ontrolling jurisprudence from the United States Supreme Court and the United States Fifth Circuit is clear; common sense, comity, and considerations of judicial finality, efficiency, and economy, require immediate reconsideration of the fraudulent joinder determination and reinstatement of the Court's Substantive Rulings."[89] Additionally, Praetorian

---

[83] *Id*. at 10–11.

[84] *Id*.

[85] *Id*. at 11.

[86] *Id*. (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 66 (1996)).

[87] *Id*. at 12.

[88] *Id*.

[89] *Id*.

argues that any negative impact Hampton's prior counsel may have had on the case can be remedied through malpractice litigation.[90] Praetorian contends that this litigation has been pending before the Court since May 2018 and that during that time, the parties have expended substantial time, effort, and money adjudicating the two claims at issue.[91] In sum, Praetorian argues that "considerations of finality, efficiency, and economy; principles of federalism; a conscious regard for the ultimate interests of the litigants; and common sense—counsel strongly against the Court's decision."[92]

**B.    *Hampton's Arguments in Opposition to the Motion for Reconsideration***

In opposition, Hampton argues that pursuant to 28 U.S.C. § 1447(d), this Court is precluded from reconsidering the remand Order.[93] Hampton contends that this case does not satisfy any of the collateral order doctrine requirements.[94] Hampton argues that the instant motion should be denied for two reasons: (1) this Court lacks jurisdiction to reconsider its remand Order and (2) the separable order doctrine does not apply in this instance.[95]

First, Hampton contends that the Court lacks jurisdiction to reconsider its remand Order.[96] Hampton argues that pursuant to 28 U.S.C. § 1447(d), an order remanding a case to state court may not be appealed, and the district court itself is divested of jurisdiction to reconsider the

---

[90] *Id*. at 13.

[91] *Id*. at 14.

[92] *Id*.

[93] Rec. Doc. 65 at 1.

[94] *Id*. at 1–2.

[95] *Id*. at 2.

[96] *Id*. at 6.

matter.[97] Hampton contends that Praetorian has not established that the Court maintains jurisdiction to reconsider its prior Order based upon the collateral order doctrine.[98]

Second, Hampton argues that the collateral order doctrine does not apply to the Court's remand order.[99] Hampton contends that under Fifth Circuit precedent, to satisfy the collateral order doctrine, an order must be both separable from the remand order and collateral.[100] Hampton argues that to satisfy the jurisdictional demands under the collateral order doctrine, the order at issue must (1) not be "tentative, informal or incomplete," (2) deal with "claims of right separable from, and collateral to, rights asserted in the action," (3) be effectively unreviewable on an appeal from final judgment, and (4) be too important to be denied review.[101] Here, Hampton contends that there is no separate, collateral order.[102] Hampton argues that because the Court's determination, that the joinder of the JPSO was not improper, served as the basis for the Court's remand order, it cannot properly be said to be separate or collateral to the remand order.[103]

Additionally, Hampton contends that Praetorian also cannot satisfy the third and fourth factors of the collateral order doctrine.[104] Hampton argues that an order is not considered effectively unreviewable on appeal if the order simply alters the forum in which the suit will be

---

[97] *Id.*

[98] *Id.*

[99] *Id.* at 7.

[100] *Id.*

[101] *Id.* (citing *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 489–91 (5th Cir. 2001)).

[102] *Id.* at 8.

[103] *Id.*

[104] *Id.*

heard.[105] Here, Hampton contends that the remand order simply returned the case to state court.[106] Furthermore, Hampton argues that the Court's Order does not subject otherwise immune defendants to causes of action that would have otherwise prescribed.[107] Hampton contends that an "order that improperly joins a party but does not subject an immune party to a trial is not too important to be denied review."[108]

Lastly, responding to Praetorian's argument that it has no mechanism by which it can get the orders previously entered in its favor reinstated, Hampton argues that neither ruling was made on the merits.[109] Hampton contends that because his counsel was not actively litigating the case, the caselaw Praetorian relies on regarding substantive legal and factual determinations does not apply.[110] Hampton argues that "Praetorian will be afforded every opportunity in Louisiana state court to assert its counterclaim on the merits and to seek dismissal of Hampton's bad faith claims with the issue being fully briefed on both sides."[111]

**C.      *Praetorian's Arguments in Further Support of the Motion for Reconsideration***

In reply, Praetorian argues that Hampton mischaracterizes the collateral order doctrine as well as the basis of the Court's subject matter jurisdiction.[112] Praetorian contends that "[i]n *Doleac*,

---

[105] *Id*. at 8-9.

[106] *Id*. at 9.

[107] *Id*.

[108] *Id*. at 10.

[109] *Id*.

[110] *Id*.

[111] *Id*. at 10-11.

[112] Rec. Doc. 69 at 1.

the Fifth Circuit explained that federal courts maintain subject matter jurisdiction over certain District Court rulings, even after granting remand, if the ruling is separable and conclusive under 28 U.S.C. §1447(d), and the ruling is a collateral order."[113] Praetorian argues that the Court's prior determination of improper joinder satisfies both requirements and therefore triggers the exception.[114] Praetorian contends that the Court should reconsider its prior Order to correct a manifest error of law and to prevent manifest injustice, because the JPSO is not an entity capable of being sued.[115]

Additionally, Praetorian argues that Hampton's substantive arguments against application of the collateral order doctrine are incorrect.[116] First, Praetorian contends that the fraudulent joinder determination can be considered a collateral order even though that determination was made in the same document as the remand order.[117] Second, Praetorian argues that because the improper joinder determination provided the impetus for the remand, it may be reviewed under 28 U.S.C. §1447(d).[118] Praetorian contends that it is unable to reinstate the substantive rulings issued by this Court which were vacated by the remand Order.[119] Praetorian argues that the Court's decision, which has the "effect vacating multiple substantive rulings . . . begins to approach a

---

[113] *Id*. at 2.

[114] *Id*.

[115] *Id*.

[116] *Id*. at 3.

[117] *Id*.

[118] *Id*. at 3-4.

[119] *Id*. at 4.

Constitutional violation of Due Process."[120] Lastly, Praetorian contends that Hampton's prior attorney's failings are of no consequence to the present motion.[121]

### III. Legal Standard

#### A.    *Legal Standard for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[122] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[123]  Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[124] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[125] with relief being warranted only when the basis for relief is "clearly establish[ed]."[126] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)    the motion is necessary to correct a manifest error of law or fact upon which

---

[120] *Id*. at 6.

[121] *Id*.

[122] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[123] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[124] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[125] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[126] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

the judgment is based;

(2)      the movant presents newly discovered or previously unavailable evidence;

(3)      the motion is necessary in order to prevent manifest injustice; or

(4)      the motion is justified by an intervening change in controlling law.[127]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[128] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[129] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[130] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[131]

## IV. Analysis

### A.      Whether the Court has Subject Matter Jurisdiction to Reconsider its Prior Order

The removal statute expressly bars federal review of an order remanding a case to the state court from which it was removed.[132] 28 U.S.C. § 1447(d) provides:

---

[127] See, e.g., Castrillo, 2010 WL 1424398, at *4  (citations omitted).

[128] Id. (quoting Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)).

[129] See Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[130] Helena Labs. Corp. v. Alpha Sci. Corp., 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing Browning v. Navarro, 894 F.2d 99, 100 (5th Cir. 1990)).

[131] Livingston Downs Racing Ass'n v. Jefferson Downs Corp., 259 F. Supp. 2d 471, 481 (M.D. La. 2002). See also Mata v. Schoch, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); FDIC v. Cage, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[132] 28 U.S.C. § 1447(d).

18

> An order remanding a case to the State court from which it was removed *is not reviewable on appeal or otherwise*, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.[133]

The Fifth Circuit has summarized the state of the law regarding federal review of remand orders as follows:

> Appellate courts are precluded from reviewing remand orders issued pursuant to § 1447(c) [(lack of subject matter jurisdiction)], by appeal, mandamus, or otherwise. This is true even if the district court's order was erroneous. The rationale for the rule is that allowing federal appeal of remand orders would delay justice in state courts. The Supreme Court in *Thermtron* identified one narrow exception to the strict bar to appellate review of remand orders. A remand order may be reviewed where the district court "has remanded [a case] on grounds not authorized by the removal statutes."[134]

The Court expressly remanded the instant matter for lack of subject matter jurisdiction.[135]

Accordingly, the exception identified in *Thermtron* does not apply here. However, since the Supreme Court's decision in *Thermtron*, the jurisprudence regarding federal review of remand orders has become increasingly convoluted.[136] As such, despite the express bar against review of remand orders based on a lack of subject matter jurisdiction, the judiciary has carved out exceptions to the bar to review.

Despite the general lack of clarity around the law when it comes to review of remand

---

[133] 28 U.S.C. § 1447(d) (emphasis added).

[134] *Angelides v. Baylor College of Medicine*, 117 F.3d 833, 835–36 (5th Cir. 1997) (citations omitted).

[135] Rec. Doc. 56 at 26 ("Based on the foregoing, it is not clear that Hampton will be unable to prevail on his claims against JPSO. Therefore, the Court lacks subject matter jurisdiction over this case and must remand it to the state court from which it was removed.").

[136] *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 222 (3d Cir. 1995) (*quoting In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir.1992)) ("While the language seems straightforward, analysis of § 1447(d) is not simple and its bar is not absolute. As one court has noted, " '[s]traightforward' is about the last word judges attach to § 1447(d) these days. . . .").

orders, the Fifth Circuit's decision in *In re Benjamin Moore and Co.* is instructive.[137] There, the district court remanded the case to state court after determining that the plaintiffs' joinder of certain non-diverse defendants was not fraudulent and therefore, their presence defeated the requirement of complete diversity.[138] The removing defendants then filed a motion for reconsideration, requesting that the district court reconsider its remand order and arguing that the fraudulent misjoinder of the plaintiffs constituted fraudulent joinder under the federal removal statute.[139] The district court denied the motion for reconsideration after finding that the defendants failed to establish any of the grounds for granting a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.[140] The removing defendants then filed a petition for writ of mandamus with the Fifth Circuit.[141]

The Fifth Circuit did not analyze whether the district court had jurisdiction to entertain the defendants' motion for reconsideration. However, the Fifth Circuit analyzed whether *it* had jurisdiction to consider the defendants' arguments raised in the petition for mandamus.[142] The Fifth Circuit ultimately determined that it lacked jurisdiction to review, by way of mandamus, the district court's decision regarding misjoinder.[143] The Fifth Circuit reasoned that although the district court's decision on joinder was separable from, and logically preceded, the remand, it was

---

[137] 318 F.3d 626 (5th Cir. 2002).

[138] *Id*. at 628–29.

[139] *Id*.

[140] *Id*. at 629.

[141] *Id*. at 629–30.

[142] *Id*. at 630.

[143] *Id*. at 631.

not conclusive, because the state court could consider the misjoinder issue on remand and the decision was not independently reviewable under the collateral order doctrine.[144]

In *Pennier v. Morton Int'l, Inc.*, a district court judge for the United States District Court for the Western District of Louisiana held that based on the express language of § 1447(d) "the same analysis employed by the appellate courts should be employed by the district court when asked to review a remand order."[145] The language contained within § 1447(d) provides that a remand order is not reviewable on appeal *or otherwise*. Presuming that "on appeal" refers to review by a federal circuit court, this Court finds that "or otherwise" precludes further review by a district court that entered the original remand order.[146] Therefore, this Court follows the same analysis utilized by an appellate court under 28 U.S.C. § 1447(d) and relevant precedent in reviewing a remand order. In addition to not having jurisdiction to entertain the motion for reconsideration, this Court finds that it also does not have jurisdiction to consider the merits of the motion for reconsideration.

In analyzing the reviewability of a remand order, the Fifth Circuit employs a two-step consideration: (1) the issue of separableness under § 1447(d); and (2) the issue of appealability under 28 U.S.C. § 1291.[147]

---

[144] *Id.*

[145] No. CIV. A. 10-1111, 2011 WL 3240476, at *1 (W.D. La. July 28, 2011); *see also Faulk v. Swan*, No. 4:10–cv 0397, 2010 WL 2609551, at *1 (E.D. Ark. June 28, 2010).

[146] *Id.* ("This Court emphasizes the language contained within § 1447(d) that a remand is not reviewable *on appeal* (presumably to the federal circuit court) *or otherwise* (for example, by the same court that remanded the matter in connection with a motion for reconsideration), because this Court believes the analysis to be followed by this Court in this case is the same analysis used by the federal appellate courts on appeal.").

[147] *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477–78 (5th Cir. 2001) ("A number of cases dealing with the reviewability of a remand have followed a two-step consideration: first, of § 1447(d) and *separableness*; and then, of 28 U.S.C. § 1291 and *appealability*."). The Fifth Circuit in Doleac further noted that these two factors— separableness and conclusiveness—have often been improperly blended by other panels:

The concept of separableness originated in *City of Waco v. United States Fidelity & Guaranty Company*, in which the Supreme Court stated:

> True, no appeal lies from the order of remand; but *in logic and in fact* the decree of dismissal preceded that of remand and was made by the District Court while it had control of the case. Indisputably this order is the subject of an appeal; and, if *not* reversed or set aside, is *conclusive* upon the petitioner.[148]

An order is conclusive if "it will have the preclusive effect of being functionally unreviewable in the state court."[149] "Conclusiveness" is defined in terms of whether the order was "substantive" or "jurisdictional."[150] A jurisdictional decision is not conclusive.[151] In *Doleac*, the Fifth Circuit explained the distinction between "substantive" and "jurisdictional" decisions:

> The way the terms commonly are used, it appears the district court's allowance of the amendment was jurisdictional—it was not based upon the substance of the parties' claims but, under *Hensgens*, involved a balancing of interests; and it did not affect the merits of the parties' claims or their right to pursue those claims but merely determined the forum in which they would be decided. Yet in the context of remand and an exception to § 1447(d), "substantive" does not necessarily refer to whether a decision involves substantive rather than procedural law. Instead, as explained above, a "substantive" decision is one that will have a preclusive effect

---

It is questionable how distinct the inquiry into separableness should be from that into collateralness, both in the light of precedent and also in the light of the admitted overlap of the questions: both definitions include the concept of conclusiveness, and the collateral order exception includes the concept of separateness.

The inquiries should remain distinct for several reasons: First, the definitions of separateness and of conclusiveness in the context of the reviewability of a remand order may be distinct from their definitions under the collateral order exception. For example, the "separableness" requirement of the collateral order doctrine requires that the issue be separable from the merits, not that it be separable from the order of remand. Second, the precedent most on point, Tillman, applies the two-step approach. Third, the collateral order doctrine has an existence independent of the remand question, and it arises, of course, in many situations other than when § 1447(d) bars review.

*Id.* at 485.

[148] 293 U.S. 140, 143 (1934) (emphasis added).

[149] *Linton v. Airbus Industrie*, 30 F.3d 592, 597 (5th Cir. 1994), *cert. denied*, 513 U.S. 1044, 115 (1994).

[150] *Doleac*, 264 F.3d at 486–87 (citing *Angelides*, 117 F.3d at 837) ("As discussed, our court has defined conclusiveness in terms of whether the order was "substantive" or "jurisdictional": if a decision is simply jurisdictional, it is not conclusive.").

[151] *Id.*

in the state court; a "jurisdictional" finding can be reviewed by the state court upon remand.[152]

In *Angelides v. Baylor Coll. of Med.*, the Fifth Circuit reviewed the precedent on substantive issues and jurisdictional issues.[153] In each of the cases in which the court determined that the issues were substantive and therefore conclusive, the Fifth Circuit noted that "the separable portion of the order denied a substantive right not subject to review by the state court."[154] Thus, in *City of Waco*, the state court could not reconsider the district court's dismissal of a cross-claim;[155] in *Mitchell,* the state court could not reconsider a district court order resubstituting a defendant;[156] and in *Mauro* the state court could not reconsider the district court's dismissal of federal claims separate from remand of state law claims.[157] Conversely, in *Linton v. Airbus Industrie*,[158] and *Mobil Corporation v. Abeille General Insurance Co.*,[159] the Fifth Circuit declined to review district court determinations that the defendants were not entitled to immunity under the Foreign Sovereign Immunities Act (the "FSIA").

Here, Praetorian argues that the Court has jurisdiction to review its improper joinder determination because it is separable and conclusive.[160] Accordingly, the Court will apply the two-

---

[152] *Id*. (internal footnotes and citations omitted).

[153] 117 F.3d 833 (5th Cir. 1997).

[154] *Id*. at 837.

[155] 293 U.S. at 143.

[156] 896 F.2d at 133.

[157] 21 F.3d at 670.

[158] 30 F.3d 592, 597 (5th Cir. 1994), *cert. denied*, 513 U.S. 1044 (1994).

[159] 984 F.2d 664, 665 (5th Cir. 1993).

[160] Rec. Doc. 60-1 at 3.

23

part test from *City of Waco*.

With respect to separableness, the Fifth Circuit has repeatedly established that a court's decision on joinder is separable from a decision to remand a case for lack of subject matter jurisdiction.[161]

However, Praetorian has failed to establish that the Court's joinder decision was conclusive. With respect to the issue of improper joinder, the Court simply concluded that there was a reasonable basis for predicting "that the plaintiff might be able to recover" against JPSO.[162] In other words, the Court found that Praetorian had failed to meet its heavy burden of showing that there was no possible way Hampton would be able to prevail on his claims against JPSO.[163] Accordingly, the Court could not conclude that JPSO was improperly joined on that basis.[164]

The Court did not determine that JPSO was liable or that Hampton would be able to recover from JPSO. The Court simply determined that there was a *possibility* Hampton could recover against JPSO under Louisiana law. Thus, this Court's improper joinder decision "did not affect the merits of the parties' claims or their right to pursue those claims but merely determined the forum in which they would be decided."[165] In fact, the Court was careful to point out in its Order and Reasons that it could not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," on a motion to remand based on improper joinder.[166]

---

[161] *Arnold v. State Farm Fire & Casualty Co.*, 277 F.3d 772, 776 (5th Cir. 2001); *Doleac v. Michalson*, 264 F.3d 470, 489 (5th Cir. 2001); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026–29 (5th Cir. 1991).

[162] Rec. Doc. 56 at 24.

[163] *Id*. at 24–25.

[164] *Id*. at 19, 24–25.

[165] *Doleac*, 264 F.3d at 486–87.

[166] Rec. Doc. 56 at 24 (quoting *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308–09 (5th Cir. 2005)).

Therefore, pursuant to this Court's prior Order and Reasons, which did not rule on the merits of Hampton's claims against JPSO, the state court will be the ultimate arbiter of whether JPSO bears any liability to Hampton. Such a determination cannot be said to be conclusive as to the rights of any parties. Rather, all this Court determined was the forum in which the matter would be litigated. Therefore, this Court concludes its prior improper joinder decision, while separable, was not conclusive, and therefore, not reviewable by this Court.

**B.      *Whether the Court will amend its January 17, 2020 Order to certify for interlocutory appeal the Court's determination on fraudulent joinder.***

28 U.S.C. 1292(b) allows for interlocutory appeals when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[167] An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[168] The decision whether to grant such a request is within the sound discretion of the trial court.[169]

As discussed above and in its Prior Order and Reasons, this Court lacks subject matter jurisdiction over this case.[170] Therefore, this Court lacks jurisdiction to grant any of the relief requested by Praetorian, including its request to certify for interlocutory appeal the Court's determination on fraudulent joinder. However, even if this Court had jurisdiction, the Court finds

---

[167] 28 U.S.C. 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[168] *Clark–Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F .2d 67, 68 (5th Cir. 1983).

[169] *Swint v. Chambers Cnty Com'n*, 514 U.S. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

[170] Rec. Doc. 56 at 26 ("Based on the foregoing, it is not clear that Hampton will be unable to prevail on his claims against JPSO. Therefore, the Court lacks subject matter jurisdiction over this case and must remand it to the state court from which it was removed.").

25

that there are not substantial grounds for disagreement on these issues, as would be necessary to warrant an interlocutory appeal. The Court's reasoning in its prior Order and Reasons was grounded in the case law on improper joinder. As the Fifth Circuit has instructed, an interlocutory appeal is an exceptional remedy and "does not lie simply to determine the correctness of a judgment."[171] For all these reasons, the Court finds that an interlocutory appeal would not be appropriate here.

## V. Conclusion

Based on the foregoing, the Court finds its prior improper joinder decision, while separable, was not conclusive, and therefore, not reviewable by this Court. Additionally, the Court finds that an interlocutory appeal would not be appropriate here.

Accordingly,

**IT IS HEREBY ORDERED** that Praetorian Insurance Company's "Motion for Reconsideration and/or Certification for Interlocutory Appeal"[172] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___25th___ day of August, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[171] *Clark–Dietz*, 702 F.2d at 68.

[172] Rec. Doc. 60.

26